Bowen, J.
 

 By the two orders of January 2d, 1855, made in the action between Morse, Pierson and Phelps, plaintiffs, and the Canandaigua and Niagara Falls Railroad Company, defendants, and the appointment of a receiver under one of the orders, all the “ stock, property, things in action and effects ” of the railroad company became sequestrated, and vested in the plaintiff in this action, as the receiver thus appointed, for the benefit of the creditors of the company; and if the stockholders were liable to the corporation for the balance unpaid upon their subscriptions for stock, the right to enforce such liability was in the receiver.
 

 That such liability existed there can be no doubt. The seventh section of the general railroad act, under which the company was incorporated
 
 (Laws of
 
 1850, 213), provides that the directors of any such company may require the subscribers to the capital stock thereof to pay the amount by them respectively subscribed in such manner and in such installments as they may deem proper; and the act of April 28th, 1845
 
 (Laws of
 
 1845, 90, 91), authorizes receivers to sue in their own names for any debt, claim or demand transferred to them, or to the possession or control of which they are entitled as such receivers.
 

 The actions, the proceedings in which were stayed by the j udgment under review, were commenced under the tenth section of the general railroad act, which provides that each stockholder of any company formed under the act shall be
 
 *372
 
 individually liable to the creditors of the company, to an amount equal to the amount unpaid on the stock held by him, for all the debts and liabilities of such company, until the whole amount of the capital stock so held by him shall have been paid to the company. It is evident that the stockholders are not liable both to the receiver and also to the creditors of the corporation for the amount unpaid on their stock, or, at least, that a recovery in favor of each cannot be had.
 

 But it is claimed that the statute gives to the creditors of the corporation the right of action against the stockholders, and that, after the commencement of an action by a creditor against a stockholder, the pendency of such action is a bar to any action or proceeding by the corporation against the same stockholder to collect the amount unpaid upon his stock; that a receiver of a corporation only succeeds to the rights of the corporation, and can enforce only such liabilities as the corporation could have enforced had the receiver not been appointed, and consequently that as the actions in favor of Elliott, the present defendant, against the stockholders were commenced before the receiver instituted any suit or proceedings against those stockholders, there is no reason why those actions should not be prosecuted to judgment.
 

 The actions stayed by the judgment in this suit were commenced to collect a debt due by the corporation; and although the corporation was not named as a defendant in the actions, yet the recoveries therein, if had, would have been from its effects, as the amounts recovered would have applied in payment of what was due from the stockholders on their stock. The actions, therefore, although not nominally, were in effect, against the corporation. The plaintiff in this action was appointed receiver under section thirty-six of the article of the Revised Statutes entitled “ Of proceedings against corporations in equity.” (2
 
 11. S.,
 
 463.) The action in which he was appointed receiver was commenced in behalf of all the creditors of the corporation; and section fifty-six of the
 
 *373
 
 article of the Revised Statutes, above referred to, authorizes the court to restrain, by injunction, all proceedings at law by any creditor against the corporation. Such injunction was actually awarded prior to the commencement of the actions in favor of Elliott, and I think its effect was to restrain the prosecution of all actions in favor of creditors against stockholders of the corporation. The thirty-seventh section of the same article requires the court, by its final judgment in the action in which the receiver was appointed, to cause a distribution of the property of the corporation to be made among its creditors, in proportion to their debts respectively, giving a preference only to such as are entitled thereto by the laws of the United States and to those having a lien on real estate. If the defendant should be permitted to prosecute his actions, he would thereby obtain a preference over other creditors, in direct violation of the spirit of the provisions of the section last referred to.
 

 The object of this action was to prevent such preference being obtained, and I think the Supreme Court was right in effecting its object by the judgment in the action.
 

 The judgment appealed from should be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed