HERVEY C. CALKINS, as Receiver of The North American Lloyd, Appellant, *v.* RICHARD ATKINSON, WILLIAM Y. AGARD, LEWIS BARNSLORF, impleaded with THE MANHATTAN OIL COMPANY and others, Respondents.

(GENERAL TERM, FIRST DISTRICT, APRIL, 1870.)

Equity will entertain an action brought by the receiver of an insolvent corporation against its stockholders and creditors, to enforce the liability of the stockholders, as such, to the creditors, and to restrain the creditors from prosecuting the stockholders upon such liability.

So held, upon the authority of *Storey* v. *Furman* (25 N. Y., 214).

It seems, a receiver's action to recover from stockholders their unpaid subscriptions to the stock of an insolvent corporation, must be brought against each stockholder separately.

APPEAL from an order at Special Term, dissolving a preliminary injunction restraining the defendant, The Man-

hattan Oil Company, as creditor of a corporation known as " The North American Lloyd," from commencing, continu-- ing or proceeding in any action or proceeding against any of the stockholders of the corporation, to charge them as individually responsible for the debts of the corporation.

The stockholders of corporations, incorporated pursuant to "An act for the incorporation of companies formed to navigate the ocean by steamships " (Laws 1852, page 302), are jointly and severally liable for all debts due to laborers for services rendered the corporations, and also to the extent of the stock held by them, severally liable to creditors, for all the corporation debts and .contracts, until the capital stock shall be paid in, and a certificate thereof filed.

The injunction was obtained upon a complaint in an action against the stockholders and creditors of " The North American Lloyd " setting forth, its incorporation under the above mentioned act and the acts amendatory thereof; its assumption of corporate powers, and transaction of appropriate business as a corporation ; the appointment of the plaintiff as receiver of its stock, property, things in action, funds and effects, on the 4th January, 1867, in proceedings in an action in the Supreme Court, brought by one Watjen and others, against the corporation ; the recovery of judgment on the 4th of March, 1867, by the plaintiffs in said action, dissolving the corporation, and continuing the plaintiff's receivership with the usual powers of a receiver ; the due qualification of the plaintiff as such receiver, and his entry upon the discharge of the duties of the office ;

That no certificate of payment of the capital stock of the company had been filed at any time, as required by the act above mentioned, and that the capital had not been paid in ; that the indebtedness of the company exceeded $850,000, which its assets were insufficient to pay ; that the creditors of the company were very numerous, and that many actions had been brought against it, and judgments for large amounts recovered in some of them ; that in many instances the actions had been commenced and judgments rendered after the said

appointment of the plaintiff as receiver; that many of the actions had been allowed to go undefended, and judgments had been recovered against the company, where no valid or just claim existed, and in some instances, for amounts greater than the debts justly due;

That many of the creditors were also stockholders, who, to relieve themselves from liability, had purchased claims against the company, and had made collusive payments of other claims, and thus claimed to have exonerated themselves from liability, and entitled themselves to recover such claims from their co-stockholders;

That some of the stockholders had been sued by different creditors, each claiming to be entitled to recover to the extent of his claims;

That the actual indebtedness of the company could not be ascertained without an investigation of the accounts between the company and creditors; that the liability of the stockholders could not be settled without an accounting in an action in which all creditors and stockholders and the corporation should be parties; that in addition to actions already pending, numerous other actions were threatened by creditors against stockholders.

That an injunction was necessary, to prevent useless litigation, and to secure the stockholders from unnecessary annoyance, to prevent some creditors from obtaining an unfair advantage over others, and to place all the creditors and all the stockholders on an equal footing.

The complaint prayed that an account might be had, of all debts and moneys owing by the corporation, and to whom, and also of all the stockholders; that it might be ascertained and determined whether the stockholders were liable to pay the said debts or any part thereof, and if so, what stockholders were so liable, for what amounts, and in what proportions; and that the liability of the stockholders so ascertained might be enforced, and they adjudged to pay such amounts respectively to the plaintiff, and for an injunction, &c.

The injunction was dissolved on the application of the

Calkins *v.* Atkinson.

defendant, The Manhattan Oil Company, upon an affidavit showing that the said defendant was a judgment creditor of the "North American Lloyd," upon a judgment recovered on certain promissory notes of the company, received before maturity, and in the course of business, by said defendant, upon which execution had been issued, and returned unsatisfied against the company, that the said defendant had commenced an action against one of the defendants, a stockholder, and was proceeding therein to recover, &c., when enjoined.

*John E. Burrill*, for the appellant.

*H. Odell*, for the respondent.

Present—INGRAHAM, BARNARD and BRADY, JJ.

INGRAHAM, P. J. The plaintiff, as receiver of the North American Lloyd, seeks to recover from the defendants, as stockholders of the company, the amounts they are respectively liable for as stockholders, and for this purpose has made the creditors and stockholders parties, and obtained an injunction restraining the creditors from prosecuting the stockholders, and restraining the stockholders from paying any debts of the corporation.

Subsequently, on motion, the injunction was dissolved as to the Manhattan Oil Company, and from that order the plaintiff appeals.

I have much hesitation as to maintaining this action so far as the rights of the creditors are involved. It may be that some of the stockholders have not paid up the full amount of the capital stock subscribed for by them, and, if so, the company could have brought actions against them for the balance due by them. In such cases, the right to collect such sums would pass to the receiver, and he could maintain actions therefor. But such actions must be separate, and no action

could be maintained against all of the stockholders jointly. (*Rankin* v. *Elliott*, 16 N. Y. 377.)

The statutory liability given by the seventh section of the act under which the corporation was formed, makes the stockholders responsible to the creditors in a sum equal to the amount of stock held by them respectively. For this liability no one but the creditor had the right to sue. The company never could enforce the payment, and, under ordinary circumstances, the receiver would only acquire the rights of the corporation.

Under the act of 1852, p. 67, a receiver appointed on the sequestration of the property of a corporation to collect a judgment, is vested with the powers of a receiver in the voluntary dissolution of a corporation. How the receiver in the present case was appointed does not appear. The complaint says he was appointed in an action then pending, upon his executing a bond, and that afterward a judgment was rendered dissolving the corporation, and continuing the plaintiff as receiver.

I should be disposed to hold that there was no authority for this action in the name of the receiver, to the exclusion of creditors, were it not for the views expressed in the case of *Story* v. *Furman* (25 N. Y., 214), as to the powers of receivers in the case of insolvent corporations.

SMITH, J., says: I cannot see why the order appointing the plaintiff receiver did not vest him with ample authority to enforce the stockholder's liability under the statute. Such liability is clearly a fund in equity for the payment of the debts of the corporation. * * * The appointment of a receiver was the only appropriate mode to reach and collect this equitable fund (the personal statute liability of the stockholders) for distribution among the creditors.

The General Term of this district lately held that one stockholder who had been sued for a debt due by the corporation, could maintain an action in equity against the other stockholders, to compel contribution, *Aspinwall* v. *Torrance & al.*, (1 Lansing, 381); and if the case of *Story* v. *Furman*

& al., above cited, is to be considered as applicable to this case, there is no good reason why the action should not be maintained against all the stockholders for that purpose.

The maintaining of such an action against all the stockholders for the benefit of all the creditors equally, renders it proper to restrain the creditors from separate suits for the recovery of their individual claims. There could be no equal distribution of this fund among the creditors, if individual creditors are allowed to obtain judgments against some of the stockholders in advance of the residue.

The order appealed from must be reversed.

Order reversed.