The Phœnix Warehousing Company, Respondent, v. Daniel D. Badger, Appellant.

In an action to recover an unpaid balance of a subscription to the capital stock of a manufacturing corporation, where it appears that defendant subscribed for the stock, acted as a trustee of the corporation, took part in its management and contracted with it as a corporation, he cannot dispute the validity of the incorporation.

A subscription to the articles of incorporation, with a statement of the number of shares opposite the name, is a sufficient and binding subscription for the stock, and takes effect upon the filing of the certificate.

An action may be brought upon the original subscription; it is not necessary to aver calls, at least after the lapse of two years from the time of incorporation.

Such an action brought by the corporation, may be continued by a receiver subsequently appointed in the name of the original party.

An abandonment of its business by the corporation, either before or after the commencement of the action, is no defence where it appears that the incorporation is indebted to more than the amount of the subscription, as the action is prosecuted for the benefit of creditors.

An objection that other subscribers who have not paid should have been made parties, is not available on appeal where the objection was not raised by answer, and where there were no findings or requests to find in reference thereto, or exceptions raising the point.

The refusal of a referee in such an action to allow an amendment of the answer setting up that the signature of another apparent subscriber was not genuine, and that defendant was misled thereby, is not the proper subject of exception; if the referee has power to allow the amendment it is matter of discretion.

Subsequent to defendant's subscription an arrangement was made, with the approval of the corporation, that defendant should transfer a portion of his stock to E., the latter delivering to the corporation his notes therefor, indorsed by defendant, the stock to be transferred when the notes were paid. Notes were so given, which were renewed from time to time. One of the renewals was transferred by the corporation to P. as collateral security. P. returned it to the corporation, and with

his consent it was produced and offered for cancellation on the trial. *Held,* that defendant was not entiled to have the amount thereof deducted from the amount due on his subscription.

(Submitted October 6, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, modifying a judgment in favor of plaintiff entered upon the report of a referee, and affirming it as modified. (Reported below, 6 Hun, 293.)

This action is brought to recover of the defendant an alleged unpaid balance of his subscription to the capital stock of the plaintiff.

The corporation was attempted to be created under the general law of 1848, authorizing the formation of corporations for manufacturing, mining, mechanical and chemical purposes. The certificate, under and by virtue of which the defendant and others undertook to create the corporation, was filed in September, 1863. The purposes specified in the certificate were stated as follows : " For the purpose of building tanks of iron or other materials, and storing and keeping for hire oil of various kinds, and for doing all such other business as may be pertinent to or connected with the storage of oil, petroleum or other articles, for compensation."

The defendant claimed that the act of 1848 did not authorize the creation of a corporation for the purposes expressed in the certificate, and that therefore his subscription was void.

Defendant was one of the originators of the enterprise, and for several years one of the trustees, and took an active part in the organization and management of the company, and contracted with it as a lawfully organized corporation. The corporation became insolvent, and after the commencement of the action a receiver was appointed, who thereafter prosecuted the action in his own behalf and for the benefit of creditors. The only subscription made by the defendant was to the certificate whereby the corporation was created, and placing opposite to his signature the number (250) of shares taken by him. Fifty shares of the 250 subscribed for by the defendant were paid for by him, and by his direction transferred to an

iron manufacturing company of which he was the president. After the organization of the company the defendant made an arrangement with John Egerton, with the consent of the company, whereby Egerton agreed to take off the hands of the defendant 200 shares of this stock, by giving his notes to be indorsed by the defendant for the amount. Egerton gave three notes in July, 1864, indorsed by the defendant for $2,500 each, and the defendant thereupon gave an order to the company that on the payment of those notes an equal amount of stock should be transferred to Egerton. The three notes were paid and seventy-five shares of the stock were transferred to Egerton, in pursuance of the order of the defendant. In October, 1864, Egerton gave three other notes, indorsed by the defendant; one for about $1,500, which was given for the interest which had accrued on the unpaid subscription of the defendant, and two others, due in January and February, applicable to the purchase of the stock. With these last notes the defendant gave an order on the company that, on the payment of the three notes, fifty more shares of the stock should be transferred to Egerton, and also an order on the company to pay Egerton the dividend on the whole 200 shares. The $1,500 note was paid. The larger notes were renewed several times, with the indorsement of the defendant, until finally one of the notes so renewed was given up to Egerton, and a new note for an extended time, not indorsed by the defendant, but by another party, was received by the company as a substitute for the note so surrendered. The case does not show that this was with the knowledge or consent of the defendant.

The remaining $2,500 note was renewed, with interest added, until it amounted to $2,790.74, for which sum a note was given by Egerton, indorsed by defendant. This was transferred by the corporation to one Power, as collateral security for a claim against the company. He brought suit against defendant thereon before the commencement of this action, which was pending at the time of trial. But on the trial it was produced by the plaintiff, and with the consent of Power offered for cancellation.

The referee directed judgment for the whole amount of unpaid subscription, with interest, not giving credit for either of the two $2,500 notes or their renewals.   The General Term modified the judgment by deducting therefrom the amount of the $2,500 note, with interest, which was taken up as above stated, and the note of Edgerton, indorsed by a third person, substituted therefor.

Further facts appear in the opinion.

*John Winslow* for the appellant.   Plaintiff was never legally organized for any lawful purpose.   (*Makelumne M. Co.* v. *Woodbury*, 14 Cal., 424; 14 N. Y., 546; *N. Y., D. and C. Co. R. R. Co.* v. *Mabbett*, 58 N. Y., 397; *M. and T. P. R. Co.* v. *Lapham*, 18 Barb., 312.)   The declaration in the certificate, as to the number of shares taken, does not amount in law to a subscription.   (*Burrow* v. *Smith*, 10 N. Y., 550; 16 id., 457, note; 6 Pick., 23; 31 Me., 470; 24 Barb., 518; 24 N. Y., 150; 1 Cai., 381; 6 Mass., 40; 8 id., 138; 14 id., 286; A. & A. on Corp., 479.)   The agreement that defendant should not be held for more than fifty shares, was executed and should be upheld.   (Redf. on Railways, 83, §§ 7, 2, 3; id., §§ 3–7; *Dorris* v. *French*, 11 Sup. Ct. R., 292; 41 Pa. St., 64; 21 Ill., 96; 13 id., 576; 10 Barb., 260; 2 id., 294; 16 Wal., 390.)   The legal effect of the abandonment by defendant of its business would be to defeat this action.   (15 B. Mon., 21; 18 Barb., 312; Redf. on Railways, 80, § 6, p. 94.)   If defendant's alleged subscription were valid, the most that could be done would be to sue him with all other non-paying subscribers, to compel *pro rata* contributions to pay debts.   (*Mann* v. *Pentz*, 3 N. Y., 415–422; 25 id., 214; 12 Abb., 268; 1 Lans., 381; 2 id., 12.)

*F. E. Dana* for the respondent.   No demand of payment was necessary.   (*Spear* v. *Crawford*, 14 Wend., 20; *Palmer* v. *Lawrence*, 3 Sand., 164; *N. R. R. R. Co.* v. *Miller*, 10 Barb., 260; *Sch. R. R. Co.* v. *Thatcher*, 11 N. Y., 103; *Buffalo, etc., R. R. Co.* v. *Mason*, 16 id., 452; *Rens., etc., R. R. Co.* v.

Sickels—Vol. XXII.    38

*Borst*, 31 id., 535; *Dorris* v. *French*, 11 N. Y. Sup. Ct., 292.)
Defendant cannot now be permitted to allege any defect in
plaintiff's organization. (*Schen. R. R. Co.* v. *Thatcher*, 11
N. Y., 103; *Aspinwall* v. *Sacchi*, 57 id., 331; *Buffalo, etc.,
R. R. Co.* v. *Carey*, 26 id., 75; *White* v. *Ross*, 15 Abb., 66;
*O., etc., P. R. Co.* v. *Rust*, 5 How., 390; *Sands* v. *Hill*, 42
Barb., 654; *White* v. *Coventry*, 29 id., 305; *Hyatt* v. *Esmond*,
27 id., 601; *Cooper* v. *Shover*, 41 id., 51; *Dorris* v. *Sweeny*, 64
id., 636; 60 N. Y., 463; 11 N. Y. Sup. Ct. R., 292; id., 164.)
The contract of subscription merged all prior and contempo-
raneous negotiations, and parol testimony is not proper to alter
and vary it. (*Thorp* v. *Ross*, 4 Keyes, 536; *Riley* v. *City of
Brooklyn*, 46 N. Y., 444; *Westcott* v. *Thompson*, 18 id., 363;
*Morton* v. *Woodruff*, 2 id., 153; *Van Keller* v. *Schulting*, 50
id., 108; *Mayor, etc.,* v. *Brooklyn F. Ins. Co.*, 3 Abb. Ct.
App. Dec., 251; *W. M. R. R. Co.* v. *Eastman*, 34 N. H., 124;
*Pittsburgh R. R. Co.* v. *Stewart*, 41 Pa., 54; *Conn., etc., R.
R. Co.* v. *Bailey*, 24 Vt., 465; *Erie, etc., R. R. Co.* v. *Patrick*,
2 Keyes, 256; *Burke* v. *Smith*, 16 Wall., 390; *Piscat. Ferry
Co.* v. *Jones*, 39 N. H., 491.)  The fraudulent representations
of the projectors of the company could not affect the subscrip-
tion or release the subscriber. (*Oglevie* v. *Knox F. Ins. Co.*,
22 How. [U. S.], 380; *Buffalo, etc., R. R. Co.* v. *Dudley*, 14
N. Y., 336; *Kelsey* v. *N. L. Oil Co.*, 45 id., 505; *Litchfield
Bk.* v. *Church*, 29 Conn., 137; *Graff* v. *Pitts., etc., R. R. Co.*,
31 Pa., 489.)

Rapallo, J.  The due incorporation of the plaintiff is
expressly admitted by the answer.  But were it otherwise
the defendant is not in a position to dispute the validity
of the incorporation.  He had become a stockholder, acted
for several years as a trustee, taken part in its management
and contracted with it as a corporation. (*Eaton* v. *Aspin-
wall*, 19 N. Y., 119; *Buffalo, etc., R. R. Co.* v. *Cary*, 26
id., 75; *Aspinwall* v. *Sacchi*, 57 id. 331; *White* v. *Ross*, 15
Abb. Pr., 66.)

The subscription by the defendant contained in the cer-

tificate of incorporation for 250 shares of the capital stock, was sufficient in form and substance, and took effect simultaneously with the filing of the certificate. (*Buffalo, etc., R. R. Co.* v. *Dudley,* 14 N. Y., 336; *Lake Ontario, etc., R. R. Co.* v. *Mason,* 16 N. Y., 451, 459, note; *Dayton* v. *Borst,* 31 N. Y., 435.)

The allegation of an agreement that the defendant's subscription was to be binding upon him to the extent of fifty shares only, and the allegation that as to 200 shares, the defendant was released and Egerton substituted in his place, are negatived in point of fact by the findings of the referee, and are not sustained by uncontroverted or conclusive proof. It is not necessary, therefore, to consider whether they would have constituted a defence if found to be true.

As to the defence that the company abandoned its business, the referee has found, as matter of fact, that this did not occur until after the commencement of this action. It is immaterial, however, whether it was before or after, as this action is being prosecuted for the benefit of creditors, and it appears that there are judments against the company for more than the amount recovered of the defendant.

The objection that all other subscribers who have not paid in full should have been joined as defendants, is not available at this stage of the case, not having been taken in the answer, and there being no finding or request to find, nor exception, raising any such point.

The action having been brought by the company before the appointment of the receiver, could be continued in the name of the original party for the benefit of the receiver. (Code, § 121.) The right to collect the unpaid subscriptions was transferred to the receiver. (2 R. S., 463; § 36, Laws of 1852, p. 67; Laws of 1860, p. 699; 2 R. S., 469, §§ 67, 69; *Rankine* v. *Elliott,* 16 N. Y., 377; *Tracy* v. *First Nat. Bank of Selma,* 37 id., 523.)

The defence that the signature of R. Egerton to the subscription list was not genuine, and that the defendant was misled thereby, was not set up in the original answer. The

refusal of the referee to allow it to be set up by amendment, even if he had power to grant the application, was matter of discretion and not the proper subject of an exception.

The claim that the note of $2,790.74, made by Egerton and indorsed by the defendant, should be deducted from the amount due by the defendant on his subscription is not tenable. There is no proof that the company accepted the note as payment, even if the officers had power to do so. Although the note had at one time been in the hands of G. F. Power, as collateral security, he had returned it to the company, and at the time it was produced and offered for cancellation with the consent of Power.

This action was properly brought upon the original subscription and it was not necessary to aver calls. By his subscription, to which no condition or stipulation as to time of payment was attached, the defendant undertook to pay for his shares according to the conditions of the charter. (*Rensselaer, etc., Plank-road Co.* v. *Barton*, 16 N. Y., 457, note; *Lake Ontario, etc., R. R. Co.* v. *Mason*, id., 451, 464.) The act under which this company was incorporated, requires that the whole capital stock he paid in within two years. Without intimating that this is a limitation upon the right of the company or the receiver to require immediate payment, it may be observed that the two years had elapsed, and upon any theory the subscription was past due when this action was commenced.

The judgment should be affirmed.

All concur.

Judgment affirmed.