RUFUS O. MASON, PLAINTIFF, *v.* THE NEW YORK SILK MANUFACTURING COMPANY AND OTHERS, DEFENDANTS.

HOLYOKE NATIONAL BANK, APPELLANT.

*Manufacturing corporation — action by one of its trustees to protect its rights — a creditor cannot be enjoined from enforcing the personal liabilites of its trustees or stockholders.*

In this action, brought by a trustee of a manufacturing corporation, against the corporation and his co-trustees, the complaint alleged that the company had become insolvent, by reason of the wrongful acts of the trustees, and of the disposition made by them of its property and effects, and it prayed that they might be compelled to account and pay to the corporation any money and the value of any property which they might have acquired or wasted by a violation of their duties, and that a receiver might be appointed. After a receiver

had been appointed, an order was obtained restraining the creditors of the company from bringing or maintaining any action against the defendants, or any of them, to recover the moneys due to them.

*Held,* that in so far as the injunction restrained the creditors of the company from taking such proceedings as were required and necessary, to enforce the personal liabilities which any of the trustees or stockholders of the company might have incurred by failing to comply with the provisions of the act providing for the formation of manufacturing corporations, it was erroneously granted and that it should be modified accordingly.

APPEAL from an order made at a Special Term, denying a motion to modify an injunction. The action was brought by the plaintiff, one of the trustees of the defendant corporation, against it and his co-trustees. The complaint alleged that the company had become insolvent by reason of the mismanagement and the wrongful acts of the defendant trustees, and it prayed that they might be compelled to account and to pay over to the company any money or property which they might have acquired for it, or which had been lost or wasted by their wrongful and negligent acts. It also prayed for the appointment of a receiver. Thereafter a receiver was appointed, and an order made restraining each and all of the creditors of the company from bringing or maintaining any action or actions against the defendants, or any of them, for the recovery of a sum of money. The appellant, which at the time of the commencement of this action was prosecuting an action against the company upon a promissory note, applied to have the order so modified as to allow it to proceed with its action against the company, and to bring any action to enforce any liability which might have been incurred by any of the defendants by failing to comply with the provisions of the manufacturing act.

*James L. Bishop,* for the appellant (Holyoke National Bank).

*William Sutphen,* for the plaintiff, respondent.

DANIELS, J.:

This action itself was prosecuted by the plaintiff, as a trustee of the New York Silk Manufacturing Company, and its object was to protect the rights and promote the property interests of the corporation. It was no part of its scope or purpose, as that was

described in the complaint, to obtain a settlement of the affairs of the corporation and terminate its existence as such. It did not, therefore, include the right of creditors to enforce the payment of their debts against the stockholders of the corporation, because of their failure to pay up the whole amount of the capital stock of the company, or to proceed against the trustees after a failure on their part to make and publish the annual report of the affairs of the corporation, as that duty has been enjoined upon them by the statute. These were rights given to the creditors themselves as such of the corporation. (2 R. S. [6th ed.], 504, § 38; 506, § 47.)

That such was the intention of the statute is further manifested by section 59, rendering the liability of the stockholders dependent upon the fact that a suit shall be first brought for the collection of the debt against the company within one year after it shall become due, and that an execution shall be returned unsatisfied upon the judgment recovered in the action. (Id., 508.) And from the manner in which these rights have been created a receiver of the property and effects of the corporation can have no authority either to assert or enforce them. They are on the contrary, by express language, secured to the creditors, who alone can enforce them by appropriate legal proceedings taken for that purpose. Neither the case of *Story* v. *Furman* (25 N. Y., 214), nor that of *Calkins* v. *Atkinson* (2 Lans., 12), depended upon or involved the construction of these statutory provisions; and because of that circumstance they are not authority in the present controversy. As the case is now presented it was the right of the creditor alone to proceed under these statutory provisions; and by taking such proceedings the receiver appointed in the action to take charge of the property and assets of the corporation would in no manner be disturbed in the exercise of his functions or the enforcement of his authority. For by issuing an execution upon a judgment recovered against the corporation after his appointment no part of its property could be seized or appropriated to the payment of the debt. The execution would have no other significance in the case than that of enabling the creditor to comply with what the statute has required to be done before he can proceed against the stockholders themselves and enforce their individual liability.

By the order which was made, the creditors of the corporation

were restrained from bringing any action of the nature of that provided for in their behalf by this statute. To that extent it was not within the scope of the action itself, neither was it authorized by any fact or circumstance in the case. The creditors might well be restrained from appropriating, by legal proceedings, the property and effects of the corporation placed in the hands of the receiver. But no legal authority can be found for preventing them from collecting their debts from the stockholders and trustees of the corporation personally, if they can be shown to have become liable for such payment under these provisions of the act authorizing the creation of manufacturing corporations. So far as the order restrains the creditors from enforcing these particular rights, it should be vacated. The order from which the appeal has been taken should therefore be reversed with ten dollars costs, and also disbursements, and an order entered to the effect already indicated.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements..