(33 Misc. Rep. 50.)

### SIGUA IRON CO. v. BROWN.

(Supreme Court, Trial Term, New York County. November, 1900.)

1  CORPORATIONS—FOREIGN CORPORATION—CAPACITY TO SUE.
   A foreign corporation may sue in its own name in the state of New York, notwithstanding the appointment of a receiver pendente lite by the United States circuit court in another state.

2. SAME.
   An action brought by a corporation before the appointment of a receiver can be continued in the name of the corporation for the benefit of the receiver, though the order appointing him enjoins the corporation from enforcing its claims.

3. SAME—ANCILLARY RECEIVER—POWERS.
   A receiver of a foreign corporation, when appointed ancillary receiver of its assets in New York, with power to collect all its credits and choses in action, can maintain an action in that state for unpaid assessments on its capital stock.

4. SAME—JURISDICTION
   A cause of action against a nonresident stockholder of a foreign corporation for unpaid assessments on its capital stock exists wherever he can be found, and service of summons on him in New York is sufficient to give the court jurisdiction of the subject-matter.

Action by the Sigua Iron Company against Harold P. Brown. Defendant moved to set aside a verdict directed for plaintiff. Motion denied.

W. F. Goldbeck, for the motion.
Evarts & Moffat, opposed.

GILDERSLEEVE, J.   This is a motion for a new trial. The plaintiff is a foreign corporation, and the defendant is a nonresident of the state of New York.   In 1894, Mr. Logan M. Bullitt was appointed receiver of the plaintiff by the United States circuit court for the Eastern district of Pennsylvania.   In May, 1896, the summons herein was served, in which summons the corporation itself, and not the receiver, was named as plaintiff.   The summons was served personally in this state.   In June, 1896, an order of this court was entered appointing the said Bullitt ancillary receiver in this state, and restraining the said corporation, its officers, directors, agents, etc., except the receiver, from in any wise interfering with any of the property or assets, collecting any debts of the corporation, etc.   In July, 1896, the receiver was substituted as plaintiff in place of the corporation, but in September, 1896, the order of substitution was vacated, leaving the action in its original condition.   Subsequently, but in the same month of September, the complaint was served, being verified by Bullitt, as president of the company.   In 1897 an amended complaint was served, which was verified by Bullitt, as receiver of the corpora-

tion. The defendant moved to dismiss the complaint upon the following grounds, viz.: (1) That the corporation had no legal capacity to sue; (2) that the receiver had no capacity to sue, nor to maintain the action, nor to interfere therein; (3) that, as one of the parties is a foreign corporation and the other a nonresident, the court has no jurisdiction of the subject-matter of the action; and (4) that the amended complaint does not state facts sufficient to constitute a cause of action. The action is brought for unpaid calls or assessments on the capital stock of the corporation. Plaintiff was permitted to prove the merits, and a verdict directed for plaintiff, and leave given to submit briefs upon the motion to set aside the verdict, based upon the technical grounds above specified. It is this motion which I am now called upon to decide. I do not think that the appointment of the receiver pendente lite in Pennsylvania in 1894 prevented the corporation from bringing this action in this state in 1896. The status of a receiver, as such, extends only to the boundaries of the territorial jurisdiction of the court appointing him, and when he is appointed by the United States circuit court his official capacity to act is limited to the district of the circuit court appointing him. Gluck & B. Rec. 3, 4. Moreover, there was no final decree dissolving the corporation, and vesting the receiver with title to the property and assets of the dissolved corporation. The receiver was appointed pendente lite only. A corporation continues in esse until it is formally adjudged to have been dissolved, and it may sue and be sued in its name, notwithstanding the appointment of a receiver, and a judgment so obtained is valid and binding both against the corporation and its receiver. See Id. 26, 27. This action was commenced before the appointment of the ancillary receiver in this state. It is well settled that, when an action is brought by the corporation before the appointment of the receiver, it can be continued in the name of the original party for the benefit of the receiver. See Warehousing Co. v. Badger, 67 N. Y. 299. The vacating of the order substituting the receiver as plaintiff operated, as we have seen, to place the action in its original condition, and to continue the corporation as the party plaintiff. It seems to me, under the facts of this case, that the corporation, the Sigua Iron Company, had legal capacity to sue. The order of this court appointing the ancillary receiver in this state conferred upon said receiver, among other things, the power to "sue for, collect, receive, and take into his possession all the goods, chattels, rights, credits, moneys, effects, choses in action, and property of every kind and description belonging to the Sigua Iron Company in the state of New York." It is true that, where a receiver of a foreign corporation is appointed a receiver of its assets in this state, his status in this state thereafter depends solely on the order of our court. See Hammond v. Association, 31 Misc. Rep. 182, 65 N. Y. Supp. 407. But, as we have seen, his powers under the order appointing him ancillary receiver were abundant. Here, however, arises the point which seems to defendant's counsel to be fatal to the plaintiff's case. The order specifically enjoins the corporation, its officers, agents, etc., except the receiver, from collecting or receiving any debts due to said corporation, and from interfering with any of the property or assets of the corporation, etc. I do not think that the

injunctive order can be construed as restraining the continuance of the action in the name of the corporation for the benefit of the receiver. Such a construction would clearly be out of sympathy with the authority of Warehousing Co. v. Badger, above cited. This disposes of the first ground of defendant's motion.

The second ground has been covered in the discussion of the first. The fact that the original complaint was verified by Bullitt, as president, is without importance. This complaint has been superseded by the amended complaint, which was verified by Bullitt, as receiver, who, in his verification, sets forth at length the facts of the receivership in the form of an affidavit. As for the alleged lack of jurisdiction of the subject-matter of the action, it seems to me that the cause of action existed wherever the defendant could be found, and that the service of the summons upon him in this state was sufficient to give the court jurisdiction.

The only remaining point is the alleged insufficiency of the allegations of the amended complaint, and this ground cannot be sustained. The motion to set aside the verdict and for a new trial must be denied.

Motion denied.