(39 Misc. Rep. 3.)

### LANG v. LUTZ et al.

(Supreme Court, Special Term, Erie County.   October 20, 1902.)

1. CORPORATIONS—STOCKHOLDERS' LIABILITY—CREDITORS' RIGHT TO SUE.

Stock Corp. Law, § 54, as amended by Laws 1901, c. 354, provides that every holder of capital stock not fully paid in any stock corporation shall be personally liable to its creditors to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was so held. *Held*, that such statute was declaratory of the common law only, and, as unpaid stock subscriptions constituted an asset of the corporation on dissolution, recoverable by the receiver for the benefit of all its creditors, an action to recover such subscriptions was not maintainable by a creditor for his own benefit.

Action by Margaret Lang against John C. Lutz and others. Demurrer to the complaint. Sustained.

Lyndon D. Wood, for plaintiff.
Charles F. Tabor, for defendants.

KENEFICK, J. This action is brought by a creditor of an insolvent domestic corporation against six of its stockholders to enforce their liability under section 54 of the stock corporation law, as amended by chapter 354 of the Laws of 1901. That section, so far as it is applicable here, reads:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him."

Prior to the amendment the section read:

"The stockholders of every stock corporation shall jointly and severally be personally liable to its creditors to an amount equal to the amount of stock held by them respectively for every debt of the corporation until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid in."

A comparison of the original and of the amended provision readily discloses that a radical change has been effected in the liability of stockholders for corporate debts. The liability under the original section was statutory in the sense that without the statute no such liability existed. It inured to the benefit, not of the corporation, but of such of the creditors as fell within the prescribed conditions. It was not an asset of the corporation, did not pass to a receiver, and could not be enforced by him. Such was the construction given to a somewhat similar provision of the general manufacturing act (Laws 1848, c. 40) in the case of Farnsworth v. Wood, 91 N. Y. 308. The amended section imposes no obligation upon the stockholder which did not exist without it. The amount unpaid upon his stock is a debt which the delinquent stockholder owes the corporation, and which the corporation or its legal representative can enforce (Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541), or which could be enforced by a bill in equity filed by a creditor in behalf of all

¶ 1. See Corporations, vol. 12, Cent. Dig. §§ 2265, 2267.

the creditors against the corporation and all the delinquent stockholders (Mann v. Pentz, 3 N. Y. 415). A like provision in the general railroad act of 1850 was considered in the case of Stephens v. Fox, 83 N. Y. 313. There the court says (page 316):

"The liability of the stockholder is not created or enlarged by statute. It rests upon no contract with the corporation, and the creditor is simply subrogated to the claim of the corporation against its debtor in case he avails himself of his right under the statute to pursue the stockholder as such debtor to the corporation. A payment by the stockholder to the creditor upon a recovery by him under the statute will discharge the stockholder pro. tanto from his indebtedness to the corporation."

The same doctrine was laid down in the earlier case of Mills v. Stewart, 41 N. Y. 384. The amended section, therefore, but recognizes a pre-existing liability upon the part of the delinquent stockholder, and confers upon the creditor a new remedy to enforce it.

With a clear understanding of the force of the statute under which this action is instituted, the solution of the question presented by this demurrer is not difficult. The demurrer challenges the right of the creditor to maintain this action after final judgment has been rendered in proceedings for voluntary dissolution, dissolving the corporation, appointing a permanent receiver thereof, and restraining the creditors from instituting or prosecuting any action against it. The effect of the voluntary dissolution of the corporation was to place all its property and assets in custodia legis, to be collected and applied by a person to be appointed by the court. The indebtedness of the stockholders upon their stock, being an asset of the corporation, passed to the receiver, who became trustee of the insolvent estate for the benefit of the creditors and stockholders. Rev. St. pt. 3, tit. 4, c. 8, art. 3, § 67. The receiver is required to immediately proceed to recover the amounts so unpaid upon stock, and is authorized to institute an action either at law or in equity to enforce a recovery. Id. § 69. It is also his duty to distribute the property of the corporation among its creditors in proportion to their debts, giving a preference only to those who are entitled thereto by the laws of the United States and to those having a lien on real estate. Id. § 79. This action seeks to lay hold of a corporate asset which has already passed to the receiver, collect it, and appropriate the proceeds to the payment of the claim of a single creditor. If permitted, the creditor obtains a preference, and the equal distribution of insolvent estate between all the creditors which the law contemplates is defeated. The final judgment in the dissolution proceeding enjoins any creditor from instituting or prosecuting any action against it for the recovery of a sum of money. While this action is nominally against the stockholders, it is in effect against the corporation, because it seeks to collect a corporate asset to satisfy a corporate debt, and it therefore falls within the purview of the restraining decree. The considerations here set forth are insuperable objections to the maintenance of this action. Rankine v. Ellis, 16 N. Y. 377, affirming 14 How. Prac. 339.

The creditor is not without redress. He may call upon the receiver to institute the action, and, in case of the latter's unreasonable neglect or refusal to do so, it may be prosecuted by the creditor in behalf of all the creditors making the receiver a party defendant. Fisher v.

Andrews, 37 Hun, 176; Greaves v. Gouge, 69 N. Y. 154; Brincker-hoff v. Bostwick, 88 N. Y. 52, 59.

The demurrer is sustained, with costs.