SYDNEY BUCKMAN, trustee in bankruptcy, *vs.* DAVID J.
. GORDON & another.

Essex.    April 7, 1942. — June 24, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Corporation,* Issue of shares, Stockholder.   *Contract,* Subscription for
    corporate shares.

A corporation, all of whose stock was authorized to be issued for property
    and was certified to the commissioner of corporations and taxation as
    having been so issued and paid for, and which, shortly after its incor-
    poration, issued a certificate of stock to a subscriber without having
    in fact received any property or other payment therefor, and com-
    menced business, was entitled to recover from the subscriber the full
    par value of his stock without previous demand; §§ 18, 19, 20, of
    G. L. (Ter. Ed.) c. 156 were inapplicable.

BILL IN EQUITY, filed in the Superior Court on February
14, 1939.

The defendant Gordon appealed from an interlocutory
decree confirming a master's report, entered by order of
*Giles,* J., and from a final decree entered by order of
*Hurley,* J.

*H. B. Zonis,* (*S. Buckman* with him,) for the plaintiff.

*J. J. Gaffney,* for the defendant Gordon.

DOLAN, J.    This is a bill in equity brought to reach and
apply twenty-five shares of stock in the defendant Elm
Hill Realty Company owned 'by the defendant Gordon
(hereinafter referred to as the defendant) to the satisfac-
tion of a debt alleged to be due from him to Peabody Paint
and Wallpaper Company (hereinafter referred to as the
Peabody company), a corporation now in bankruptcy, for
ninety-four shares of stock in that corporation.   The suit
was originally brought by Harry B. Zonis, receiver of the
Peabody company, but it was adjudicated bankrupt on
March 2, 1939, and the present trustee in bankruptcy was
substituted as plaintiff on July 16, 1941.   The case was
referred to a master, and, objections having been made to

his report by the defendant, the report was recommitted to the master for the purpose of making additional findings. This having been done, an interlocutory decree was entered overruling the defendant's exceptions to the report and confirming the report. A final decree was entered adjudging that there was due from the defendant to the plaintiff $9,400, with $2,679 interest thereon from January 6, 1937, the date of his subscription for the stock, and ordering him to pay those sums together with interest to the date of payment, and costs, within twenty-one days from the date of the decree, with further provisions for the application of the shares of stock sought to be reached in the event of the failure of the defendant to pay as ordered. The defendant appealed from these decrees.

The master's report discloses that the Peabody company was duly organized under the laws of the Commonwealth on January 6, 1937, with a capital of $10,000 represented by one hundred shares of common stock of $100 par value a share. The defendant was one of the incorporators of the corporation, its president and treasurer and one of its three directors. He subscribed for ninety-four of the one hundred shares of the authorized capital stock, all of which was to be paid for in merchandise, supplies, furniture and fixtures as set forth in the articles of organization. After the corporation was organized a certificate for ninety-four shares was delivered to him under date of February 1, 1937. A "statement" was filed with the commissioner of corporations and taxation on January 6, 1937, in which the defendant stated, under oath, that the stock had been paid for in property of the character described above. The master found that this statement was false and known to be false by the defendant; that he had paid nothing for the stock and that he "knew that he nor anyone else had paid or intended to pay anything for the stock so issued," in contravention of G. L. (Ter. Ed.) c. 156, § 16. (See *Enterprise Wall Paper Manuf. Co.* v. *Gordon, ante,* 1.) The master found further that the corporation performed its part of the contract by delivery of the certificate and that the defendant was liable for $9,400 on the subscription contract.

The defendant argues that the plaintiff cannot recover because G. L. (Ter. Ed.) c. 156, does not specifically authorize a corporation to bring suit to recover on a subscription for stock authorized to be issued for property, and, in the alternative, but without conceding, that if the provisions of §§ 18 and 19 of that statute do apply to such cases, the plaintiff cannot recover since the master has not found that demand was made upon the defendant in accordance with the provisions of § 18. In this connection, upon recommittal of the report, the master was directed by the judge to find whether the capital stock of the Peabody company was authorized to be issued for property, or whether it was authorized to be issued for cash to be paid in full before it was issued or by instalments, and, if authorized to be issued for cash, whether any action had been taken under the provisions of G. L. (Ter. Ed.) c. 156, §§ 18, 19, 20, and, if no such action had been taken, whether it would have been useless to do so. The master reported that all of the stock of the Peabody company was authorized to be issued to be paid for in property, and that none of its capital stock was authorized to be issued for cash. In response to the questions whether any action had been taken under §§ 18, 19 and 20, and whether it would have been useless to do so, the master merely adopted his finding that none of the stock was authorized to be issued for cash.

Section 19 does not apply to the present case, since its provisions relate only to cases where stock is issued to be paid for in full before it is issued and the subscriber (not one to whom stock has actually been issued and delivered) refuses or neglects to pay the amount demanded for thirty days after the time limited for payment in the demand made under § 18. Section 18 provides as follows: "In the case of capital stock authorized to be issued for cash, whether or not to be paid in full before issue, the directors may require payment in such proportions and at such times and places as they deem proper, by making demand therefor according to the by-laws, or, in default of such by-law, by notice mailed to each subscriber or stockholder at least seven days before his subscription or any portion thereof,

or any instalment due upon stock already issued, is payable." This section also has no application to the facts in the case at bar, where the stock was authorized to be issued for property and was actually issued and certified by the defendant, in the articles of organization of the Peabody company filed with the commissioner of corporations and taxation, as having been paid for in property. Under G. L. (Ter. Ed.) c. 156, § 15, the stock could not be issued properly except "for cash . . . [or] property, tangible or intangible . . ." and while this statute authorizes the issue of stock to be paid for in cash in full or by instalments, there is no provision therein for payment in property except at one time. See G. L. (Ter. Ed.) c. 156, § 36. In the present case the record does not disclose that any time was fixed for the transfer of the property for which the stock was authorized to be issued, but it does appear that the stock in question was actually issued to the defendant shortly after the Peabody company was incorporated, and, as before noted, that he certified that it had been paid for in property, and that he never paid anything for it. Where, as in the present case, by the certificate of incorporation, the full amount of capital stock must be paid in before the corporation can commence business, and it has commenced and carried on business, payment was due at once, and in such circumstances it has been held that a trustee in bankruptcy need not show a demand in order to recover unpaid subscriptions. *Phoenix Warehousing Co.* v. *Badger*, 67 N. Y. 294. *Rathbone* v. *Ayer*, 84 App. Div. (N. Y.) 186. See 4 Fletcher Cyc. Corp. (Perm. Ed.), § 1793, and cases cited.

A corporation requires no statutory authority to enable it to bring an action for breach of contract by a subscriber to whom stock has been issued to be paid for in property, as in the present case. A corporation has the capacity to make contracts not in contravention of any statute, and may sue and be sued thereon. The present case is governed by *Bridgeport Window Hardware Co.* v. *Osborne*, 222 Mass. 517, 523. In that case the defendant had agreed to transfer to the plaintiff corporation certain patent rights and letters patent at a value of $90,000 in return for nine hundred

shares of the corporation which were actually issued to him. Having failed to make the transfer the bill was brought to compel him to do so. The court held that he was liable on his subscription and directed that a final decree be entered ordering the defendant to pay the full amount of his subscription in cash or at his option to assign to the plaintiff the patents described in the bill. See *Haywood & Pittsborough Plank Road Co.* v. *Bryan,* 51 N. C. 82, 85.

It follows that the defendant is liable for the full amount of his subscription and that the decree entered in the court below is right.

*Decree affirmed with costs.*