BAY STATE YORK CO. *vs.* HERBERT W. COBB & others.

Norfolk.    December 6, 1963. — January 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Corporation,* Issue of shares, Officers and agents.

An alcoholic beverage license issued to a corporation whose articles of organization provided for the issuance of stock for cash only was not a cash payment within G. L. c. 156, §§ 10 (c), 15, and could not be considered to supplement cash payments made in an amount substantially less than the par value of the stock issued; and the directors and officers were liable to a creditor of the corporation under § 36.

BILL IN EQUITY filed in the Superior Court with a writ of summons and attachment dated June 25, 1959.

The suit was heard by *Ford, J.*, on a master's report.

The case was submitted on briefs.

*Dimitri Homsy* for the defendants.

*Reuben Goodman & Sydney Berkman* for the plaintiff.

WILKINS, C.J.   The plaintiff, a creditor of Shoals, Inc., a corporation of Massachusetts, brings this bill to establish liability for indebtedness against the three officers and directors of Shoals on the ground that corporate stock was issued in violation of G. L. (Ter. Ed.) c. 156, §§ 15, 36.   The case was referred to a master, who filed a report, which was confirmed.   The defendants appealed from a final decree that they are jointly and severally indebted to the plaintiff in the sum of $5,548.28 and interest.

Shoals, Inc., was incorporated on April 28, 1955.   The defendants were the incorporators and have been officers and directors throughout the life of the corporation.

The articles of organization provided for an authorized capital stock of 1,000 shares of $100 par value.   At the time of organization 350 shares were authorized to be issued for cash.   The defendant William G. Pappageorge subscribed for 348 shares, and the defendants Nicholas D. Cotoulas and Cobb subscribed for one share each.   The defendant Cotoulas received, and paid for, one share.   The defendant Cobb received one share and "by his own testimony" did not pay for it.

The defendant Pappageorge received 348 shares.   He did not pay for them at the time of incorporation, but to equip the restaurant which Shoals operated he paid $27,940.50 between the date of incorporation and July 3, 1955, the opening day of the restaurant.   This was $6,859.50 less than $34,800, the full par value of his shares.

On June 7, 1955, the plaintiff sold to Shoals an air conditioner, an ice crusher and cube machine bin, and a carbonic dispenser.

Pursuant to G. L. c. 156, § 38, demand was made upon Shoals for payment of the indebtedness, which was $5,548.28, and for ten days Shoals neglected to make payment.

Based upon the foregoing subsidiary findings, the master made these general findings: The defendants Pappageorge and Cobb did not pay full value for their stock. The defendant Cotoulas did pay full payment for his stock, but since G. L. c. 156, § 36, imposes joint and several liability upon officers and directors for issuing stock without full payment therefor, all three defendants were responsible and are indebted to the plaintiff, jointly and severally, in the sum of $5,548.28.

The master included the following in the portion of his report entitled "findings of subsidiary facts": "The defendants introduced evidence that the town of Scituate had issued a seasonal all alcoholic beverage license to Shoals, Inc. during the year 1955 in an effort to prove further stock payment by the defendant Pappageorge, but I find that this item should not be taken into consideration in determining stock payment because it cannot be considered as a cash payment of corporate stock."

General Laws (Ter. Ed.) c. 156, § 15, provides in part: "Capital stock may be issued for cash, at not less than par, if the shares have par value, and may be issued for property, tangible or intangible, or for services or expenses. Stock issued for cash may be paid for in full before it is issued or by instalments." By § 10 (c) of c. 156 it is provided that the articles of organization shall set forth: "Subject to section fourteen, the amount of capital stock then to be issued, the amount thereof to be paid for in full in cash, the amount thereof to be paid for in cash by instalments and the instalment to be paid before the corporation commences business, and the amount thereof to be paid for in property. . . . [I]f any part of such property is personal, it shall be described in such detail as the commissioner may require, and the amount of stock to be issued therefor stated. If any part of the capital stock is issued for services or expenses, the nature of such services or expenses and the amount of stock which is issued therefor shall be clearly stated." By § 36 (as amended through St. 1941, c. 514, § 1) "The president, treasurer and directors

of every corporation shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof if any stock is issued in violation of section fifteen . . . or if any statement or report required by this chapter is made by them which is false in any material representation and which they know to be false . . .."

Here the stock was to be paid for in cash. The master treated the amounts paid for equipping the restaurant as if they were cash payments. This action by him is not contested.

The defendants strongly urge that the master's report contains an erroneous ruling of law with respect to the alcoholic beverage license. This could not have been found to be a cash payment. We do not decide whether this could have been found to be a payment in the nature of personal property (see *Jubinville* v. *Jubinville,* 313 Mass. 103, 107; G. L. c. 138, § 23, as amended through St. 1955, c. 652); or whether it could have been found to be a payment for expenses. In either event it was subject to G. L. (Ter. Ed.) c. 156, § 10 (c), and since the stock was authorized to be issued only for cash, there has not been compliance with that section.

This is enough to dispose of the case. We do not consider the effect of that part of § 15 which does not permit property, services, or expenses to be paid in instalments. See *Buckman* v. *Gordon,* 312 Mass. 6, 9.

We also do not intimate that the failure of the defendant Cobb personally to pay for his one share would have been fatal provided the total amount paid in for the 350 shares exceeded their par value. We leave this question open. See *Winston* v. *Saugerties Farms, Inc.* 262 App. Div. (N. Y.) 435, affd. 287 N. Y. 718.

*Decree affirmed with costs of appeal.*