## SUPREME COURT.

TRUMBULL C. KIMBERLY, receiver, &c. of the Genesee Mutual Ins. Company agt. RUSSELL W. GOODRICH.

Where the defendant showed that the assessment on a premium note given by him to a mutual insurance company, for the non-payment of which he was prosecuted by the plaintiff as *receiver* of the company, had been paid to a former receiver of the company, for which the defendant held the receipt of the latter, *held*, that the carelessness or negligence in the prosecution of the action amounted to *misman-agement or bad faith* on the part of the plaintiff, which made it the duty of the court to require him to *give security for costs*.

*Monroe Special Term, January*, 1861.

MOTION by defendant for an order requiring the plaintiff to give security for costs, &c.

J. L. ANGLE, *for defendant*.
H. WILBUR and S. MATHEWS, *for plaintiff*.

WELLES, Justice. In this case the moving affidavit states, in addition to the matters contained in the affidavit in the case of the same plaintiff against Duncan A. Stewart, which has just been examined, (*ante, p.* 281,) as follows : "And this deponent further says, that the said Goodrich holds the receipts of the collectors and agents of said company and the receiver thereof, for each and every the payments set up in the answer in this action, and the following is the copy of one of said receipts : 'Received of R. W. Goodrich, Esq., eighty-seven 36-100 dollars in full for his assessment made by Lucius N. Bangs, receiver of the Genesee Mutual Insurance Company, June 16th, 1852, on policy No. 8,900 and 9,022. Dated Sept. 13, 1852. H. F. Hatch, collector.' And the said Hatch at the same time executed to the defendant a receipt and agreement, of which the following is a copy : ' Received of R. W. Goodrich, Esq., of Rochester, a surrender of policies No. 8,900 and 9,022, of the Genesee

Mutual Insurance Company, which is hereby canceled upon said surrender, from the date hereof, at 12 o'clock at noon, and the premium note given upon application therefor is not liable to be assessed for any loss which occurs after this date. H. F. Hatch. Dated Sept. 13, 1852.' That said Goodrich at that time surrendered said policies, and the same was received by the receiver under the arrangement with said Hatch, who was authorized to make such arrangement."

The action is brought on a premium note of $108, given upon policy No. 8,900, dated April 10, 1849. The form of the note is similar to that in the case of this plaintiff against Stewart, herein referred to, and the breach alleged is the non-payment of $34.56, assessed on the note 16th June, 1852, by L. N. Bangs, a former receiver of the company. The answer sets up the payment of this sum to the company, who received it in full discharge of the same, for which, as the moving affidavit states, the defendant holds the proper receipt. Various other assessments upon the note in question, and payments thereof by the defendant, are set up in the answer, for which payments the affidavit alleges the defendant holds the proper receipts. None of these facts are denied or explained on this motion.

It then appears that the only ground for bringing this action is the non-payment of the assessment made by Bangs of $34.56, which the defendant shows has been paid.

This shows a heedlessness in bringing and prosecuting the present action, amounting, in my judgment, to bad faith. I shall therefore order that security for costs be given, according to the notice of motion, with $10 costs to the defendant, to abide the event of the action.