ANNIE RUTHERFORD, as Administratrix, etc., of JAMES RUTHERFORD, Deceased, Appellant, *v.* THE TOWN OF MADRID, Respondent.

*Code of Civil Procedure, § 3271 — order directing a plaintiff to file security for costs, discretionary — when not reviewable — when reversed.*

An order made under section 3271 of the Code of Civil Procedure, requiring a person suing in a representative capacity to give security for costs, is a discretionary order, and, excepting where it has been irregularly obtained, or where there has been an abuse of discretion, or an exercise of discretion in pursuance of erroneous principles or theories of law, the discretion will not be reviewed upon appeal.

If a court is satisfied that an action has been brought in good faith, that it is not malicious or vexatious, and that the plaintiff has a *prima facie* case upon the merits, the plaintiff should not be required to file security for costs, and an order made at Special Term, under section 3271 of the Code of Civil Procedure, directing that the plaintiff give security for costs in an action, without the consideration of such facts, is not an exercise of the discretion of the Special Term, and will be reversed upon appeal and the proceedings remitted to the Special Term.

APPEAL by the plaintiff, Annie Rutherford, as administratrix, etc., of James Rutherford, deceased, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of St. Lawrence on the 19th day of December, 1893, requiring the plaintiff to furnish security for costs.

*Louis Hasbrouck,* for the appellant.

*F. J. Merriman* and *C. A. Kellogg,* for the respondent.

HERRICK, J.:

This is an appeal from an order of the Special Term requiring the plaintiff to give security for costs.

The action is one brought by the plaintiff, as administratrix of her deceased husband, against the town, for negligence causing the death of the intestate.

The order is made under section 3271 of the Code of Civil Procedure ; it is a discretionary order, and, excepting where it has been irregularly obtained, or there has been an abuse of discretion, or where the discretion has been exercised in pursuance of erroneous principles or theories of law, that discretion. will not be reviewed upon appeal.

With great respect for the very able and learned court which made the order, it seems to me that it was granted in pursuance of an erroneous theory and construction of the section of the Code referred to.

In arriving at its determination, it expressly refused to take into consideration in any degree the merits of the plaintiff's cause of action, and based the order upon the sole and only ground that the plaintiff was personally irresponsible, and the estate insolvent.

If this be the correct principle to apply in determining applications of this kind, it is obvious that in actions like this, brought for the death of the intestate by the negligence or wrongdoing of the defendant, it would in a very considerable number of cases put an end to litigation without a hearing upon the merits.

A family whose only means of support has been the earnings of its head, and whose only asset is the cause of action which the law gives for the negligent and wrongful taking of the life of the head of the family, would be deprived of the means of prosecuting the right which the law gives.

Provision is made under our laws whereby a poor person having a cause of action in his own right may, upon application to the courts, be permitted to prosecute such action without liability, or giving security for costs, but there is no such affirmative provision in our statutes which permits the court to grant the like immunity

to persons, like the plaintiff, suing in a representative capacity, and it seems to me that a humane and rational principle upon which to exercise the discretion vested in the court, under section 3271, in cases like this, is to adopt practically the same principles upon which courts permit persons to bring suits in their own right as poor persons. That is, if the court is satisfied that the action is brought in good faith; that it is not malicious or vexatious, and that the plaintiff has a *prima facie* case upon the merits, then the plaintiff should not be required to file security for costs.

It seems to me that in this case the Special Term did not in fact exercise its discretion; the theory upon which it proceeded, if correct, entitles a defendant as a matter of right to have a plaintiff, suing in a representative capacity, file security for costs in all cases where he is personally irresponsible, and the estate has no appreciable assets except the cause of action which he seeks to prosecute, no matter how good that cause of action may be. A construction which, without any consideration of the merits of his case, excludes a suitor from the courts of justice because he is poor and without friends to become his security, cannot be sustained.

The order appealed from should be reversed and the proceedings remitted to be heard at Special Term, that its discretion may be exercised upon the merits in consonance with the views herein expressed, with ten dollars costs and printing and other disbursements of this appeal to the appellant.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversed, proceedings remitted to Special Term, with ten dollars costs and disbursements.