LEDYARD P. HALE, as Receiver of THE ST. LAWRENCE MANUFACTUR-
ING COMPANY, Appellant, *v.* MARCUS P. MASON, Respondent.

   *Receiver of a corporation — filing security for costs — laches.*

<div style="float:right; border:1px solid black; padding:2px;">86h 499<br>f 56ad180</div>

Where a receiver brings an action he will not be required to file security for costs merely because the corporation is insolvent, or because he has no funds in his hands. It is necessary, in addition to the fact of insolvency, to show that the action was brought heedlessly or in bad faith, or that it is improbable that the plaintiff will succeed.

The rule is the same where a receiver of a corporation is about to bring to trial an action which was begun by the corporation some time before his appointment, in which he has been substituted as plaintiff on the application of the defendant.

Where such a motion to make a receiver give security is delayed for sixteen months after his appointment, and until after service of notice of the trial of the action, it should be denied because of the delay in moving.

APPEAL by the plaintiff, Ledyard P. Hale, as receiver of the St. Lawrence Manufacturing Company, from an order of the Supreme Court, entered in the office of the clerk of the county of St. Lawrence prior to the 18th day of September, 1894, requiring him to file security for costs in this action in the sum of $3,000.

*Russell, Poste & Percy,* and *John C. Keeler,* for the appellant.

*A. E. Kilby,* for the respondent.

PUTNAM, J.:

Assuming that the court below had power to grant the order from which the appeal is taken, we think, under the circumstances of the case, such power should not have been exercised.

The plaintiff was appointed receiver of the St. Lawrence Manufacturing Company, in proceedings to dissolve the corporation on the application of the People through the Attorney-General. He did not commence this action, but found it pending. It was com-

menced by the corporation long before his appointment. It did not appear that he was proceeding with the action in bad faith, or had been guilty of any mismanagement. He was about to bring the case to trial in the name of the original parties, as he lawfully might (*Phœnix Warehousing Co.* v. *Badger*, 67 N. Y. 294), when, on motion of defendant, he was substituted as a party plaintiff, and afterwards the order from which the appeal is taken was made requiring him to file security for costs. The sole ground on which the order was granted appears to have been that the corporation at the time of his appointment was insolvent, and that, as receiver, he had no funds in his hands with which to pay the costs of the action.

We think that fact did not justify an order requiring plaintiff to file security for costs in the absence of any evidence of bad faith or mismanagement, especially in an action like this, commenced by the corporation and merely continued by a receiver appointed on the application of the Attorney-General of the State. (See *Jenkins, Receiver,* v. *Stow,* 2 N. Y. Monthly Law Bul. 57; *Kimberly* v. *Goodrich,* 22 How. Pr. 424; *Darby, Adm.,* v. *Condit,* 1 Duer, 599; *Shepherd, Assignee,* v. *Burt,* 3 id. 645; *Ryan* v. *Potter,* 4 N. Y. Civ. Proc. Rep. 80; *Wassinger* v. *Fennell,* 13 id. 286; *Bennett* v. *Goble,* 43 Hun, 354; *Rutherford* v. *Town of Madrid,* 77 id. 545.)

The above authorities hold that in an action brought by a trustee, receiver, administrator, or other party, the plaintiff will not be compelled to file security for costs merely on the ground of insolvency, or that he has no funds in his hands; that it is necessary, in addition to the fact of insolvency, to show that the action was brought in bad faith or heedlessly, or that the plaintiff will not probably succeed. Certainly such proof should be required in a case like this where the action was commenced by the corporation long prior to the appointment of the receiver, and is merely continued by him.

We are also of the opinion that the motion of defendant should not have been granted on account of the delay in moving. The receiver was appointed in January, 1893, and the motion to compel him to file security for costs was not made until May, 1894, sixteen months after his appointment, and after plaintiff had served a notice of trial on defendant. (See *Robinson* v. *Sinclair,* 1 Den. 628; *Doyle* v. *Curley,* 2 N. Y. Monthly Law Bul. 48.)

The order should be reversed, with costs and disbursements to the appellant, and the motion denied, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.