Cass and others, Respondents, vs. Sutherland and others, Appellants.

*February 11 — March 1, 1898.*

(1) *Appeal: Findings: Fraud.* (2) *Practice: Sale by sheriff of land in hands of receiver: Enforcement of lien: Judgment.*

1. Findings of the trial court that, pending plaintiffs' actions against an insolvent debtor, the latter had conveyed lands to a corporation formed by him, with intent to hinder, delay, and defraud them in the collection of their demands, are *held* to have been based upon sufficient evidence and will not, therefore, be disturbed on appeal.

2. The court which had appointed a receiver for a corporation rendered judgment for the plaintiffs in an action to subject lands in the hands of the receiver to the lien of plaintiffs' executions against the grantor of the corporation.   The judgment directed that the sheriff proceed upon said executions to sell the lands.   *Held,* that this direction was within the power of the court and will not be disturbed in the absence of anything to show that such method of enforcing the lien was prejudicial.

Appeal from a judgment of the circuit court for Ashland county: John K. Parish, Circuit Judge.   *Affirmed.*

Cass and others vs. Sutherland and others.

For the appellants there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondents there was a brief by *Cate, Sanborn, Lamoreux & Park,* attorneys, and *Geo. P. Rossman,* of counsel, and oral argument by *A. W. Sanborn.*

WINSLOW, J. The plaintiffs were judgment creditors of the defendant *W. R. Sutherland,* and brought this action in equity to subject certain lands to the lien of executions theretofore issued upon their said judgments which had been levied upon said lands. It was alleged in the complaint and found by the court that pending the plaintiffs' actions the defendant *Sutherland,* being insolvent, had conveyed said lands to a corporation formed by him, called the *Sutherland Lumber Company,* with intent thereby to hinder, delay, and defraud the plaintiffs in the collection of their demands, and judgment was rendered setting aside said conveyance, and declaring said executions valid liens upon the land, and directing the sheriff to sell the same to satisfy the plaintiffs' judgments. These findings of fact were based upon sufficient evidence, and under familiar rules will not be disturbed by this court. They entirely justify the judgment which was rendered.

Another point, however, raised by the appellants, requires attention. It appears that after the plaintiffs' executions were levied the *Sutherland Lumber Company* became insolvent, and that the circuit court for Ashland county appointed a receiver of its property, who qualified and took possession thereof, including the real estate in question. The receiver is a party to this action. It is now objected that the court erred in directing the sheriff to sell the property, but should, after adjudging the lien, have left the property in the hands of the receiver, and directed him to sell the same in the receivership action. Courts will not ordinarily permit property in the hands of a receiver to be sold on execution, the reason being that by such means the prop-

erty in the possession of the court will be dissipated and the court will be deprived of jurisdiction to administer it. And this doctrine has been applied to cases where there is a valid levy prior to the appointment of the receiver. High, Receivers (3d ed.), § 141; *Walling v. Miller*, 108 N. Y. 173; *Ballin v. Loeb*, 78 Wis. 404; *Ballin v. Merchants' Exch. Bank*, 89 Wis. 278. It is, however, a question of administration of assets. The court appointing a receiver may grant leave to the creditor to proceed and sell upon execution. *Walling v. Miller, supra; Wiswall v. Sampson*, 14 How. 52. In the present case both actions were in the same court, and the receiver was a party to the action brought to subject the lands to the lien of the execution levies. Under these circumstances the judgment authorizing and directing the sale of the lands upon the plaintiffs' executions can be regarded as nothing less than a formal direction by the court which appointed the receiver that the land be sold by the sheriff under the execution, instead of by the receiver. The court having power to so direct, and nothing appearing to show that such method of enforcing the lien is prejudicial, there is no ground for interference by this court.

*By the Court.*— Judgment affirmed.