## DRAGO v. KAVANAGH.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

EXECUTORS—ACTIONS—NONRESIDENT NEXT OF KIN—COSTS—SECURITY.

> In an action by an administrator, a resident and citizen of the state, for the death of his intestate, it was proper to deny a motion for an order requiring plaintiff to give security for costs, though the next of kin were nonresidents, and the cause of action the estate's only asset; it appearing the plaintiff was personally responsible and acting in good faith.

> Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from special term, New York county.

Action by Ottavio Drago against Thomas Kavanagh. From an order denying defendant's motion requiring plaintiff to give security for costs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William E. Stewart, for appellant.
Tompkins McIlvaine, for respondent.

RUMSEY, J. The plaintiff is a resident and citizen of this state, and is the administrator of one Alessandio Viscontino, who at the time of his death was also a resident of this state. The plaintiff is the uncle of the intestate. The mother and next of kin of the intestate, his brothers and sisters, live in Italy. The action was brought to recover damages for the wrongful killing of the intestate by the defendant. The intestate has no property except this cause of action. The plaintiff himself is a man of property, and amply able to respond in costs if for any reason judgment should be directed

against him personally. There is no charge of any bad faith on his part in bringing or maintaining this action, nor is there any reason to suppose that the plaintiff does not believe that he has a good cause of action. The court below, in the exercise of its discretion, denied the motion for an order requiring the plaintiff to give security for costs. We see no reason why this discretion was not properly exercised. Rutherford v. Town of Madrid, 77 Hun, 545, 28 N. Y. Supp. 923; Hale v. Mason, 86 Hun, 499, 33 N. Y. Supp. 789. The case of Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015, is not in point. In that case not only were all the next of kin of the intestate nonresidents, but the administrator himself was such, and the decision was put purely upon the ground that he was not a resident. The rules laid down in that case do not apply here.

The order should be affirmed, with $10 costs and disbursements.

PATTERSON and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. I dissent. The action is prosecuted in the interest of nonresidents. The personal responsibility of the administrator in no way affords protection to the defendants. They have no recourse against his personal responsibility.

McLAUGHLIN, J., concurs.