RATCLIFF v. ADLER.

Opinion delivered February 28, 1903.

1. RECEIVER—RIGHT TO SUE.—The rule that a receiver appointed by one court is not suable in another court without permission had from the former court does not apply where a receiver is appointed in one of the circuit courts of a county having two judicial districts and was sued in the other circuit court of the county, presided over by the same judge who appointed such receiver. (Page 270.)

2. SAME—LIABILITY.—Where a railroad company took possession of a right of way across plaintiff's land, and constructed its road across it, without paying for it, a receiver, subsequently appointed, who retained possession of such right of way without paying for the same, is liable to respond in damages. (Page 272.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Affirmed.

STATEMENT BY THE COURT.

The complaint states, in substance, that the plaintiffs, Eugene Adler and Julius Joel, partners under the firm name of B. Baer & Co., were the owners of a certain tract of land in Greenwood district of Sebastian county, which is described in the complaint. It further alleges that "the said defendant, the Arkansas Central Railroad Company, being a railroad corporation authorized to construct and operate a railroad through the Greenwood district of Sebastian county, as such did on the first day of January, 1898, enter upon and appropriate a right of way through said land, and did occupy the same, and use it for its right of way, without any proceedings for condemnation of same, and without any conveyance from the plaintiffs.  *  *  *  That the Arkansas Central Railroad Company was thereafter, by the circuit court of Sebastian county, placed in the hands of a receiver; that Charles E. Ratcliff is the duly appointed, qualified and acting receiver of the Arkansas Central Railroad Company.  That, by reason of taking the aforesaid

right of way through the premises aforesaid, plaintiffs have been damaged in the sum of $250, and that said amount is a sum due and owing, superior to all mortgages or other claims against said railroad company. Wherefore plaintiffs pray judgment against the said defendant and the aforesaid railroad company for said sum of $250, together with the interest from January 1, 1898, until judgment, and for further and other relief."

The defendant filed a demurrer to the complaint on the following grounds:

(1) That the company was not made a party to the action; (2) that the complaint does not allege or show that permission to sue the defendant as receiver had been obtained. The court overruled the demurrer. The defendant excepted, and filed his answer as receiver, denying the allegations of the complaint. There was a verdict and judgment in favor of the plaintiff for the sum of $100, from which the defendant appealed.

*Oscar L. Miles,* for appellant.

It was error to overrule the demurrer. High, Rec. 2d ed.) § 254; 96 Ind. 69; 104 U. S. 126; 78 Va. 544; 104 U. S. 126. The demurrer should have been sustained also as to the manner in which the receiver is designated and sued. High, Rec. § 1; 44 Ark. 324.

*Hill & Brizzolara,* for appellees.

The court properly overruled the demurrer setting up failure to obtain leave to sue the receiver. 20 Fed. 260; High, Rec. (3d ed.) § 254a; 19 Kan. 225; 18 Wis. 80; 19 N. Y. 369; 14 How. 368; 111 Mass. 508; 38 Vt. 407; 59 Vt. 167; 42 Ia. 683; 37 N. E. 702; 70 Tex. 694. The want of permission to sue is waived. High, Rec. § 261; 63 N. W. 924; 37 N. E. 702; 113 Ind. 215; 141 U. S. 127; 145 U. S. 593. The statutes give permission to sue receiver. Sand. & H. Dig. § 5968; 66 Ark. 126. · Permission to sue will be presumed. 62 Mo. App. 414. The suit was properly brought against the receiver. Gl. & Beck. Rec. Corp. 314, 19; High, Rec. § 205; Smith, Rec. § 231; 30 Fed. 398.

RIDDICK, J., (after stating the facts). This is an action against a receiver of a railroad company to recover damages for a right of way taken by the railroad company across lands owned by plaintiffs.

The first question presented is whether the court had the right to entertain this action against the receiver when the court ap-

pointing the receiver had not given leave to the plaintiff to bring the action. It is, however, unnecessary for us to determine whether the failure to obtain such permission is a matter affecting the jurisdiction of the court in which the suit is brought, for, if we concede the general rule to be that a court will not entertain jurisdiction of a suit against a receiver appointed by another court until the appointing court has given its consent that he be sued, still there are exceptions to the rule. "This rule rests on principles of comity, and is considered essential for the protection of the receiver as an officer of the court appointing him against unnecessary and expensive litigation touching controversies wherein it may often be within the power of the appointing court to give ample relief to any person aggrieved." *Hupfield* v. *Automaton Piano Co.*, 66 Fed. 789.

This rule has most frequently been applied in cases where the receiver has been sued in the courts of a different state from that in which he was appointed. The leading case where this rule was adopted by the supreme court of the United States was a case of that kind, and the court laid stress upon that fact by saying that "our decision upon this question will be limited to the facts of this case, which are that the receiver was appointed by a court of the State of Virginia, and the property in course of administration was in that state; the suit was brought in a court of the District of Columbia." *Barton* v. *Barbour*, 104 U. S. 126. Under this state of facts the supreme court held that the court of the District of Columbia had no jurisdiction.

Now, when applied to cases of that kind, the reason of the rule can be readily seen, for the effect of permitting such suits against the receiver in foreign jurisdictions might be, as was said in that case, "to take the property of the trust from the receiver's hands and apply it to the payment of plaintiff's claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property."

But it seems to us that these reasons do not apply to a case such as we have here, for the receiver in this case was appointed by the circuit court of Sebastian county for the Fort Smith district, and the suit was brought in the circuit court for the Greenwood district of that county, a court presided over by the same judge that presides in the court that appointed the receiver. The judge of the court appointing the receiver being the judge also of the court in which the action against the receiver was brought, it is evident that he would permit no improper interference with the duties of his

receiver. He had it in his power, if he desired to do so, to dismiss this action, and to summon the plaintiff to answer for contempt for bringing a suit against his receiver without his permission. As he did not do so, we know that he consented to the suit, and as he is also the judge of the court which appointed the receiver, we know that the judge of that court also consented to the action.

It would seem, therefore, unreasonable and altogether unnecessary that we should dismiss this action and compel the plaintiff to obtain leave from this same judge to bring another suit for the same purpose. The reason for the rule failing, the rule itself fails, and the contention of appellant on this point must be overruled.

The next contention of appellant is that, as the complaint alleges that the railroad company took possession of the right of way across the land of plaintiffs, and constructed its road across it before the appointment of the receiver, it therefore states a cause of action, not against the receiver, but against the company. But the receiver having charge of the railroad and the other property of the railroad is not only an officer of the court, but is also a representative of the corporation in respect to its property in his possession, and has the right to bring and defend actions in regard thereto. Now, although the complaint shows that the company took possession of this right of way before the appointment of the receiver, it shows also that this right of way has never been paid for, and it is still a subsisting charge against the corporation and its assets. The receiver has possession of the right of way as a part of the assets of the corporation, and he holds it without having paid for it, thus continuing the wrong of which plaintiffs complain, and we therefore think that the action for the recovery of damages was properly brought against him. *Frankle* v. *Jackson,* 30 Fed. Rep. 398; Smith, Receivers, § 23.

Finding no error, the judgment is affirmed.