(45 Misc. Rep. 515.)

### DE LA FLEUR v. BARNEY et al.

(Supreme Court, Special Term, Oneida County. December 17, 1904.)

1. RECEIVERS—ACTIONS—SECURITY FOR COSTS.

A receiver will not be compelled to file security for costs merely on the ground of insolvency; it being necessary, also, to show that the action was brought in bad faith, or that plaintiff will probably not succeed.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 458, 459.]

2. SAME—LEAVE TO SUE.

Where a receiver has not obtained leave to sue, an order granting leave may be entered nunc pro tunc.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receivers, §§ 327–336.]

Action by Frederick J. De La Fleur against Francis E. Barney and others. Motion by defendants to compel plaintiff, as receiver, to file security for costs. Denied.

P. H. Fitzgerald, for the motion.
Charles S. Kent, opposed.

WRIGHT, J. The motion must be denied. The plaintiff, as receiver, will not be compelled to file security for costs merely on the ground of insolvency, or that he has no funds in his hands. It is necessary, in addition to the fact of insolvency, to show that the action was brought in bad faith or heedlessly, or that the plaintiff will probably not succeed. Hale v. Mason, 86 Hun, 499, 33 N. Y. Supp. 789; Ridgway v. Symons, 14 Misc. Rep. 78, 35 N. Y. Supp. 197; Supreme Court Rule 77. The plaintiff not having obtained leave of the court to bring this action, he may enter an order nunc pro tunc granting him leave to bring it. Hirshfeld v. Kalischer, 81 Hun, 606, 30 N. Y. Supp. 1027. No costs allowed.

Motion denied. No costs.