[No. 6366.  Decided December 29, 1906.]

James Bybee, *Respondent*, v. Gay Bybee, *Appellant*.[1]

Appeal—Briefs—Printing Findings. A motion to strike a brief because appellant failed to print the findings or exceptions thereto will be denied where the answer brief made no mention of the fact and the point was not raised until the hearing.

Appeal—Record—Exceptions. Where no exceptions are taken to findings of fact, the evidence cannot be reviewed.

Cancellation of Instruments—Deeds—Fraud. Where a deed was made without consideration for the purpose of preventing the squandering of the property under the influence of his wife, but not for any fraudulent purpose, the grantor is entitled to a cancellation.

Appeal from a judgment of the superior court for Clarke county, Linn, J., entered January 6, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to cancel a deed and to quiet title. Affirmed.

*Donald McMaster* and *Milton W. Smith*, for appellant.

*A. L. Miller*, for respondent.

Crow, J.—James Bybee instituted this action against Gay M. Bybee, his son, to cancel a recorded deed to certain real estate in Clarke county. He alleged that on May 27, 1896, he executed the deed and left it with one C. D. Bowles, an attorney in Vancouver, Washington; that the deed was without consideration further than an intention on the part of plaintiff to convey the premises therein described to the defendant so that the title might be held by him in trust for plaintiff; that plaintiff never carried out said intention; that he never delivered or authorized the delivery of the deed; that the defendant never received the same; that he never took possession thereunder; that, by mistake and without the knowledge or consent of plaintiff, the deed was filed for record; that de-

[1]Reported in 87 Pac. 1122.

fendant for a long time thereafter knew nothing of the deed or its record; that the plaintiff has been at all times in possession of the land; that the defendant has treated the land as plaintiff's, has held the title by mistake in trust for plaintiff and never claimed ownership thereof until a short time prior to the commencement of this action; but that the defendant now claims to own the land, or to have some adverse interest therein. The defendant alleged that on May 27, 1896, and for some time prior thereto, the plaintiff was married to one Marion Bybee, and was then living with her; that the relations between the plaintiff and his wife, Marion Bybee, were such that a legal separation was contemplated by him; that on May 27, 1896, the plaintiff intended to institute divorce proceedings; that for the purpose of cheating and defrauding his wife, Marion Bybee, out of any interest in the land, and with the intent of placing it beyond the reach of the courts in such impending divorce proceedings, plaintiff executed and delivered the deed mentioned in the complaint; that such deed was made, executed and delivered for the sole purpose of defrauding plaintiff's wife, Marion Bybee; that at all times since the plaintiff has recognized and treated the defendant as the owner of the legal title, and has never, prior to the commencement of this action, denied the execution and delivery of the deed; that on August 31, 1896, in furtherance of his plan to cheat and defraud his wife, Marion Bybee, the plaintiff brought his suit for divorce and secured a settlement with his wife, then claiming to her that all property he had owned had been conveyed to the defendant for the purpose of settling a bona fide debt; that these assertions were believed by his wife, Marion Bybee, who was thereby defrauded into consenting to a divorce without any division of property.

The plaintiff having replied, the trial court after trial made findings of fact from which it appears, that the plaintiff executed the deed, which was duly recorded; that it was without any consideration passing from the grantee; that it

was executed at the instance of one C. D. Bowles, with the advice of the defendant, to prevent the plaintiff from squandering his property under the influence of his wife, Marion Bybee, and not for the purpose of defrauding her; that the deed was not executed by James Bybee for the purpose of cheating or defrauding his wife, or any of his creditors, or for the purpose of placing the property beyond the reach of creditors in contemplation of divorce; that the plaintiff was not guilty of any fraud in the execution of the deed, and that it should be cancelled. Upon these findings judgment was entered cancelling the deed and quieting plaintiff's title. From said judgment the defendant has appealed.

The principal assignments of error are based upon the appellant's contention that the findings of fact are not sustained by the evidence. The appellant has failed to print, either in his opening or his reply brief, the findings of fact of which he now complains, or to print any exceptions to such findings. Upon the argument in this court the respondent's attorney, for the first time, presented a motion to strike the appellant's briefs for the reason that he had violated Rule 8 of this court in failing to print the findings of fact or any exceptions thereto. The appellant contended that the respondent in his answer brief had failed to properly call appellant's attention to such omission, and that the rule should not now be enforced nor should his briefs be now stricken. The respondent did fail to properly raise this question in his answer brief. We have, however, carefully examined the record and fail to find that the appellant ever presented or filed any exceptions to any of the findings of fact. This being true, we could in no event review the evidence for the purpose of ascertaining whether it supports the findings made, even though the findings had been printed in opening or reply brief.

No exceptions to the findings having been presented or filed they must stand as made by the trial court. The only question now before us is whether the findings made support

the final judgment. From them it appears that the deed was made without consideration, and that it was not executed by the respondent for any fraudulent purpose. This being true, the final judgment is right, and it is accordingly affirmed.

Mount, C. J., Root, and Dunbar, JJ., concur.

Hadley and Fullerton, JJ., took no part.