[No. 6634.   Decided August 1, 1907.]

C. C. PIERCE, JUNIOR, *et al.*, *Appellants*, v. HERMAN C.
PETTIT *et al.*, *Respondents*.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS.   In the absence
of exceptions to the findings, they cannot be reviewed on appeal.

VENDOR AND PURCHASER—RESCISSION BY VENDEE—TITLE—WAIVER
—FORFEITURE OF PAYMENT.   Where, before making the first payment,
a purchaser of real estate knew that his contract was not with the
owner. but with one who only held a contract for the land, the pay-
ment made cannot be recovered for defect in the title, where the
owner was able and willing to convey, and the contract provided for
forfeiture of payments made if the purchaser failed to take the
property.

Appeal from a judgment of the superior court for King
county, Frater, J., entered June 16, 1906, upon findings in
favor of the defendants, after a trial before the court with-
out a jury, dismissing an action to recover money paid on a
contract to purchase real property.   Affirmed.

*McCafferty & Bell*, for appellants.
*Shank & Smith*, for respondents.

HADLEY, C. J.—This is a suit to recover $800, which was
the sum paid by the plaintiffs as a part of the purchase price
upon a contract to purchase real estate.   The cause was tried
by the court and recovery was denied.   Judgment was entered
dismissing the action, and the plaintiffs have appealed.

Errors are assigned upon certain of the court's findings,
and considerable discussion of the evidence in reference thereto
is contained in appellants' brief.   The record, however, dis-
closes no exceptions to the findings, and they are therefore not
reviewable here, as we have often held.   Late expressions of
the court in point may be found in the following cases:   *Hoe-*

[1]Reported in 91 Pac. 190.

*schler v. Bascom,* 44 Wash. 673, 87 Pac. 943, and *Bybee v. Bybee,* 45 Wash. 187, 87 Pac. 1122.

It is further assigned that the conclusions of law and judgment as made by the court do not follow from the findings, and also that the findings are inconsistent with each other. The court found that Pettit & Son, on January 20, 1906, gave to appellants a written receipt for $100, as a payment upon the purchase price, the writing also containing other data concerning the terms of the purchase. It stated the aggregate purchase price as $6,600. Eight hundred dollars was to be paid in cash and the balance in deferred payments. An abstract of title was to be furnished, and five days allowed for its examination. It was also stated that, if the title was not good and could not be made good, then the agreement should be void; but if found to be good and not accepted by the purchaser, the earnest money should be forfeited. Time was made the essence of the agreement, and it was also stated that it was made subject to the owner's approval. It was also found that the property was listed for sale with Pettit & Son by the defendant Perry.

The foregoing was found with reference to what took place on January 20, and it was further found that on January 22 said Perry contracted to sell the property to the appellants by a written contract of sale executed and delivered on that date; that the further sum of $700 was then paid, completing the first payment of $800. The terms of sale were set forth in the contract as in the memorandum of January 20. The lots were owned by one William Pigott, at all times mentioned, and it was found that he was at all times ready, willing, and able to convey; that on January 15, Pigott authorized M. B. Crane & Company to sell the property, which authorization continued until after the commencement of this action; that prior to the execution of the said contract from Perry to appellants, M. B. Crane & Company executed their contract of sale to Perry, and the same was ratified by Pigott; that at the time the $100 was paid and the memorandum receipt given,

on January 20, the appellants understood, and it was so represented, that Perry was the owner; but that before the execution of the contract of January 22, when the further payment of $700 was made, appellants were apprised that Perry had only a contract to purchase from the owner. Appellants, having failed to make subsequent payments, claimed that the examination of the abstract disclosed that Perry was not the owner; that the title was not therefore good, and that appellants were for that reason released from further obligations and entitled to a return of the $800 already paid. The same contention is made here. But it will be seen that the court found that appellants knew, when they paid the $700 that Perry was not the owner, and that he had only a contract of sale. Whatever may have been their understanding in the first instance, they learned the facts before they completed the $800 payment.

We find no inconsistency in the findings. When the subsequent examination of the abstract disclosed that Perry was not the owner, it merely disclosed what appellants already knew, and what they knew when they completed their contract of purchase of January 22. The disclosures of the abstract, therefore, furnished no excuse for not making the subsequent payments, since the court found that the owner was at all times ready, able, and willing to convey. Time having been made the essence of the contract and it having been provided that payments made should be forfeited in default of making other payments, it follows that appellants are not entitled to recover the payment made, and that the judgment follows from the court's findings.

The judgment is affirmed.

FULLERTON, MOUNT, ROOT, and CROW, JJ., concur.