[No. 6829. Decided November 5, 1907.]

ELOF FERDIG *et al.*, *Respondents*, v. GEORGE SIMPSON,
*Appellant*, MONTESANO STATE BANK,
*Defendant.*[1]

APPEAL—RECORD—EXCEPTIONS. In the absence of exceptions to the
findings, they are conclusive, and the evidence cannot be reviewed.

APPEAL—REVIEW—HARMLESS ERROR—COSTS. Error in twice tax-
ing an attorney's fees as costs cannot be claimed where one fee was
promptly remitted on attention being called thereto.

APPEAL — RECORD — EXCEPTIONS — REVIEW — DEPOSIT IN COURT —
TENDER. Error cannot be predicated upon the authorization of a
withdrawal of defendant's tender and deposit in court to be applied
on the judgment against him, because only a conditional tender had
been pleaded, where the tender was made at the trial and is not
shown to be the tender pleaded, in the absence of exceptions to the
findings.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered January 7, 1907, upon find-
ings in favor of the plaintiffs, after a trial on the merits be-
fore the court without a jury, in an action to foreclose me-
chanics' liens. Affirmed.

*J. C. Cross,* for appellant.

*A. M. Abel,* for respondents.

MOUNT, J.—Respondents brought two separate actions in
the court below against the same defendants, to foreclose liens
for labor performed upon a certain building which was being
erected in the town of Elma, in Chehalis county, for the
Montesano State Bank, by appellant as contractor. After
the actions were begun, they were consolidated by order of
the court and tried as one action. The trial resulted in
findings and a decree in favor of the plaintiffs in the action.
No exceptions appear to have been taken to the findings.

[1]Reported in 92 Pac. 370.

They must therefore be considered as the facts in the case, and supported by the evidence. *Adams v. Casey*, 39 Wash. 37, 80 Pac. 853. We shall, therefore, not consider any of the questions presented which go to the sufficiency of the evidence to support the findings. It is not contended that the findings made by the court are insufficient to sustain the judgment.

The court found that $25 was a reasonable sum to be allowed for attorney's fees to each of the plaintiffs, and judgment was entered therefor. When the costs were taxed, $25 was inserted therein as costs for attorney's fees. When the attention of the respondents and the trial court was called to this fact, respondents promptly remitted the attorney's fees taxed as costs, and the court made an order striking that item from the cost bill. No error can therefore be predicated upon the fact that the attorney's fees were taxed twice.

At the trial the appellant paid into court as a tender the sum of $58.95, for each plaintiff, The court found that this tender was not made until the day of trial,. after all the costs had been incurred, and concluded that the same was therefore insufficient to avoid the payment of costs. After judgment and upon motion of the respondents, the court made an order authorizing the respondents to withdraw this money and apply the same upon the judgment. Appellant now contends that this was error because the tender was a conditional one. It is true the answer pleads a conditional tender, but the tender paid into court at the time of the trial is not shown to be the one pleaded in the answer, and the court did not find that the tender paid was a conditional one. We must presume, in the absence of an exception to the court's finding upon that subject, that the finding is correct and contains all the facts, and that the deposit was therefore unconditional.

There is no reversible error in the record. The judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, RUDKIN, DUNBAR, and ROOT, JJ., concur.