[No. 10969. Department Two. May 26, 1913.]

WASHINGTON TRUST COMPANY, *Respondent*, v. LOCAL AND
LONG DISTANCE TELEPHONE COMPANY *et al., Appellants,*
W. H. ARMIN *et al., Defendants.*[1]

RECEIVERS—ACTIONS—LEAVE TO SUE—NECESSITY. Failure to obtain leave to sue a receiver is a mere irregularity and not a jurisdictional defect, and is cured by leave to maintain the action, granted subsequent to the service of the summons upon the receiver.

SAME—ACTIONS — AGAINST RECEIVER — LEAVE TO BRING INDEPENDENT ACTION—ABUSE OF DISCRETION. Where a deed of trust antedates a receivership of the grantor, and its lien is superior to that of general creditors, the court may grant leave to foreclose the deed by an independent suit, and such action will not be reviewed except for abuse of discretion.

APPEAL—REVIEW—EXCEPTIONS. In the absence of exceptions to the findings, the sufficiency of the evidence to justify the findings cannot be reviewed.

APPEAL—RECORD—AFFIDAVITS. The failure of the record on appeal to show exceptions to the findings cannot be supplied by affidavits and *ex parte* statements of counsel.

Appeal from a judgment of the superior court for Spokane county, Grady, J., entered May 31, 1912, upon findings in favor of the plaintiff, in an action to foreclose a trust deed securing negotiable bonds. Affirmed.

*John T. Mulligan, O. B. Setters,* and *Martin & Wilson,* for appellants.

*Danson, Williams & Danson* and *Cannon, Ferris & Swan,* for respondent.

FULLERTON, J.—The Local and Long Distance Telephone Company, is a domestic corporation, organized for the purpose of conducting a telephone business in the state of Washington and elsewhere, having its principal place of business in the city of Spokane. After its organization, the company acquired, by purchase, certain telephone lines and appur-

[1]Reported in 132 Pac. 398.

tenances situated in Spokane and Lincoln counties, and obtained franchises from some of the smaller cities and towns in these counties authorizing it to conduct a telephone exchange therein. The company contemplated extending its telephone system, and to that end determined to issue from time to time, as they could be sold and the proceeds applied to an extension of its system, its negotiable coupon bonds, in a sum not to exceed $500,000. To secure the payment of the bonds, it executed and delivered to the respondent, The Washington Trust Company, its deed of trust by which it conveyed to the respondent all of its property of every kind and nature then owned by it, or such as it might thereafter acquire, conditioned to secure the bond issue contemplated. The deed of trust provided that bonds issued pursuant thereto should be certified by the respondent, and subsequent to its execution the telephone company issued and the respondent certified bonds to the face value of some $39,000. Of this issue and certification, however, only bonds to the face value of $19,700 were regularly sold, the remainder of the issue being canceled by order of the court. After the issuance of these bonds, the telephone company was adjudged insolvent, at the suit of certain of its creditors brought in the superior court of Lincoln county, and a receiver appointed of its property. The receiver, in the administration of his trust, sold, or purported to sell, the property of the telephone company to one H. H. Reynolds for the sum of $10,000. This sale was duly reported to the superior court of Lincoln county, and the sale confirmed.

The present action was instituted by the respondent in September, 1911, in the superior court of Spokane county. In it the respondent sought to foreclose the deed of trust for the benefit of the holders of the bonds that had been regularly sold by the telephone company. The telephone company, its receiver, and certain other persons and corporations, were made defendants to the action and appeared therein. The defendants first moved to dismiss the action for

want of jurisdiction. On the motion being overruled, they moved for a change of venue, which was likewise overruled. Thereupon they answered to the merits, and a trial was had before the court, resulting in a foreclosure of the trust deed.

The appellants first assign that the court erred in overruling the motion to dismiss the action for want of jurisdiction. The claim that the court was without jurisdiction is based upon two grounds, the first of which is that the action was brought against the receiver without first having obtained leave to sue from the court appointing him. The record discloses that the respondent, after beginning its action and serving the receiver with summons, applied to the court appointing him and asked and obtained leave to maintain the action against him. The appellants, however, insist that this procedure did not cure the defect, that the question is one of jurisdiction, and being such, the action was a nullity and no subsequent consent or approval by the court appointing the receiver could give it validity. In support of their position, the appellants cite and rely upon the case of *Brown v. Rauch*, 1 Wash. 497, 20 Pac. 785, a case from the territorial court. But, as we pointed out in *Payson v. Jacobs*, 38 Wash. 203, 80 Pac. 429, that case was controlled by the case of *Barton v. Barbour*, 104 U. S. 126, and was opposed to the great weight of authority in the state courts. It was pointed out, also, that the rule was afterwards changed by act of congress, in so far as receiverships in the Federal courts were concerned, and that we had subsequently announced a different rule. In the state courts, the great weight of authority is to the effect that failure to obtain leave to sue a receiver is merely an irregularity, to be taken advantage of by a stay of proceedings or by proceedings as for a contempt. Applying this rule to the case at bar, it is clear that the failure to obtain leave to sue the receiver was cured by the subsequent grant of permission to maintain the action against him. *Sigwald v. City Bank*, 82 S. C. 382, 64 S. E. 398; *Ratcliff v. Adler*, 71 Ark. 269, 72

S. W. 896; *Hirshfeld v. Kalischer*, 30 N. Y. Supp. 1027; *De La Fleur v. Barney*, 45 Misc. Rep. 515, 92 N. Y. Supp. 926.

The second objection to the jurisdiction is that an independent action cannot be sustained to foreclose a mortgage upon property in the hands of a receiver appointed by a court, but that the remedy of the mortgagee is by petition in the original cause. Doubtless the remedy here suggested is an appropriate remedy, but the question is one of procedure merely. As the deed of trust antedated the receivership, the lien of the beneficiaries thereof on the corporate property was superior to that of the general creditors created by the receivership, and the court could properly permit the trustee to pursue any remedy appropriate to subject the property to their lien. Since it gave permission to sue in an independent action, this court will not reverse the order as of course. Some showing of abuse of discretion by the court must be made by the complaints before that result will follow. *Cass v. Sutherland*, 98 Wis. 551, 74 N. W. 337.

The appellants question the sufficiency of the evidence to justify the findings of fact made by the court, but we think they are estopped from raising the question. They have taken no exceptions to the findings, and we have held in a long line of cases that such exceptions are necessary under the statute to permit their review. *Craver v. Mossbach*, 57 Wash. 662, 107 Pac. 1037, 109 Pac. 1016; *Ferdig v. Simpson*, 47 Wash. 475, 92 Pac. 370; *Pierce v. Pettit*, 46 Wash. 668, 91 Pac. 190; *Bybee v. Bybee*, 45 Wash. 187, 87 Pac. 1122; *Adams v. Casey*, 39 Wash. 37, 80 Pac. 853.

We have not overlooked the fact that the record contains affidavits by appellant's counsel to the effect that they were present at the time the findings were signed by the court below, and took proper exceptions thereto, and thought they had been noticed on the margin of the findings by the trial judge in the manner permitted by the statute. But the record cannot be supplied in this manner. If the record

fails to speak the proceedings of the court, the remedy is to apply to the court where the omission occurs for its correction. It cannot be supplied by the *ex parte* statements of counsel.

We find no reversible error in the record, and the judgment will stand affirmed.

CROW, C. J., MORRIS, MAIN, and ELLIS, JJ., concur.