[No. 11800.  Department Two.  June 23, 1914.]

W. C. METCALF, *Appellant*, v. J. O. STOREY, *Respondent*.[1]

APPEAL—PRESERVATION OF GROUNDS—FINDINGS — EXCEPTIONS.  In the absence of exceptions to the findings of fact, they are conclusive on appeal.

PLEADINGS—JUDGMENT ON PLEADINGS—ANSWER—SUFFICIENCY.  In an action for a broker's commissions, judgment on the pleadings cannot be granted on the theory that affirmative defenses admitted the employment, where the defenses showed that the broker failed to perform his contract, and the answer denied that he rendered any services.

BROKERS—ACTIONS FOR COMMISSIONS—DEFENSES—FAILURE TO PERFORM.  There is no liability for a broker's commissions, agreed to be paid upon the completion of a certain trade, where it was conclusively established that the trade was not completed.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered July 9, 1913, upon findings in favor of the defendants, in an action on contract, tried to the court.  Affirmed.

*Geo. B. Cole* and *John Wesley Dolby*, for appellant.

*Coiner & Dentler*, for respondent.

PARKER, J.—The plaintiff seeks recovery of compensation which he claims from the defendant as commission for services rendered to the defendant in effecting an exchange of real property.  A trial before the court without a jury resulted in findings and judgment in favor of the defendant, from which the plaintiff has appealed.

Appellant is a real estate broker.  His claim of employment and compensation therefor rests upon a writing which, so far as we need here notice its terms, reads as follows:

"This agreement made and entered into this 21st day of October, 1912, between J. O. Storey of Tacoma, Wash.,

[1]Reported in 141 Pac. 315.

party of the first part, and Peter Creso, of Tacoma, Wash., party of the second part;

"Witnesseth, That said first party is the owner of the following described property, to wit: [Here is a description of certain lands.]

"The said J. O. Storey agrees to sell and convey the said property by good and sufficient deed to the party of the second part. And accept in full payment therefor the following described property, to wit: The apartment known as The Creso, located in Tacoma, Washington, and located on Division and K streets, together with the appurtenances, hereditaments and furniture contained in said apartments belong to said premises. [Here follows specification of additional terms, including giving of mortgage for difference in value of the properties.] The above offer to be accepted or rejected within ten days from date hereof. . . .

"Upon the completion of said trade, I, the undersigned, agree to pay W. C. Metcalf a cash commission of one thousand dollars.                              J. O. Storey."

This paper is signed only by Storey. The trial court found as a fact: "That the trade mentioned in said written instrument has not been completed." The record before us does not contain any exception to this finding, nor does counsel for appellant claim that its correctness was challenged in any manner in the trial court, nor did counsel for appellant request any additional or more specific finding touching the question of his rendering the services for which he claims compensation under this writing, though the correctness of this finding is challenged here.

Accepting as true this finding of the trial court, as we must, in the absence of exceptions thereto (*Washington Trust Co. v. Local & Long Distance Tel. Co.*, 73 Wash. 627, 132 Pac. 398), we are quite unable to discover any possible ground upon which appellant can recover.

There is presented in the briefs of counsel the question of appellant's right to judgment upon the pleadings, evidently upon the theory that the affirmative defenses set up by counsel for respondent show that the prospective trade, with some

modifications as to terms, was eventually consummated be-
tween Storey and Creso some time after the expiration of
the ten days named in the writing here relied upon by counsel
for appellant. These affirmative defenses do show that there
was some such an exchange of the properties some time after
the expiration of the ten-day period named; but they also
show that the final consummation of that exchange was upon
terms very much more unfavorable to Storey than the origi-
nal terms mentioned in the writing; that appellant had en-
tirely abandoned his efforts to consummate any exchange of
properties between Storey and Creso; and that the final ex-
change was brought about entirely without his efforts. Be-
sides, respondent's answer contains a denial that appellant
ever rendered any service in the bringing about of the ex-
change. It seems plain to us that the court did not err in
denying appellant's motion for judgment upon the pleadings.

The question of the sufficiency of this writing as evidence
of appellant's employment under Rem. & Bal. Code, § 5289
(P. C. 203 § 3), is presented in briefs of counsel, but what-
ever our view might be on this question, appellant could, in
no event, recover, in view of the fact that the final consumma-
tion of the exchange was not the result of his efforts.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., con-
cur.