[No. 19064.   Department Two.   June 8, 1925.]

SAMUEL OSMUNDSEN *et al., Respondents,* v. FRANK E. HAMMOND, *Appellant.*[1]

ABATEMENT AND REVIVAL (11)—ANOTHER ACTION PENDING—PLEA—SUFFICIENCY.   Upon a plea in abatement alleging another action pending for the same relief, it is error to grant plaintiff judgment on the pleadings.

PLEADING (12, 50)— FORM OF ALLEGATION — FALSITY — DENIALS. Denials in an answer of plaintiff's essential allegations are sufficient to put plaintiff to his proof, and cannot be said to be sham and frivolous.

DIVORCE (56)—COUNSEL FEES AND EXPENSES OF WIFE—EFFECT OF RECONCILIATION.   A reconciliation after an interlocutory decree of divorce does not make void a note given in a settlement securing the wife's attorney's fees.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 26, 1924, in favor of the plaintiff, upon the pleadings, upon sustaining a demurrer to affirmative defenses, in an action for equitable relief.   Reversed.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for appellant.

· ˌH. E. Foster, for respondents.

HOLCOMB, J.—This is an action to cancel a note and mortgage, executed by respondent Samuel Osmundsen for the purpose of effecting a property settlement in a divorce action between him and his co-respondent, Lydia Osmundsen.   The complaint alleges that, after the divorce action was commenced and after the note and mortgage had been executed, the parties effected a reconciliation, and resumed marital relations; and at the time of the reconciliation they ascertained for the first time that appellant had made himself payee and

[1]Reported in 236 Pac. 562.

mortgagee in the instruments, and that he was holding the same in fraud of the rights of respondents.

Appellant answered denying the fraud; denied on information and belief that respondents are husband and wife; denied that he wrongfully inserted his own name as payee and mortgagee; denied the resumption of marital relations by respondents; denied that he claimed the sum of $124 only for his fees and costs in the divorce action, and denied that the note and mortgage were executed without consideration and were wrongfully held by him.

He further alleged two affirmative defenses. The first affirmative defense set up another action pending for substantially the same relief, which was heard before another judge of the same court and was still being held under advisement. The second affirmative defense was that appellant was employed by Lydia Osmundsen to secure a divorce; that an interlocutory decree had been obtained and signed; that a settlement had been made by appellant on behalf of Lydia Osmundsen with Samuel Osmundsen, whereby the note and mortgage involved were executed to appellant as trustee; that appellant had an agreement with Lydia Osmundsen for $500 attorney's fees; that there was a balance due of $390 for attorney's fees and costs; that $100 and no more had been paid on account; that application had been made on behalf of Lydia Osmundsen for final decree; that that application had been resisted by Samuel Osmundsen, claiming resumption of marital relations; that the matter had been held in abeyance and an alternative writ of mandate issued and the matter is under advisement in the supreme court; that $315 was due for services and costs therein to appellant; that the total balance due from Lydia Osmundsen to appellant was the sum of $755, and he

claimed a lien upon the note and mortgage in question for the sums due him.

Upon the filing of appellant's answer, respondents demurred to the affirmative defenses and also moved for judgment on the pleadings. The trial court sustained the demurrer and granted the motion for judgment on the pleadings.

Respondents attempt to sustain the action of the trial court upon the theory that the affirmative defenses show conclusively that the consideration for the note and mortgage had failed, and that appellant cannot claim a lien upon instruments which are void. It is asserted that the first and second defenses show that the denials contained in the answers are sham and frivolous.

We are unable to comprehend or give our assent to such theories. It will be observed that the answer denied the fraud alleged by respondents on the part of appellant; denied the resumption of the marital relations by respondents; denied that only $124 was claimed by appellant for his fees and costs; denied that the note and mortgage were executed without consideration and wrongfully withheld by appellant.

The first affirmative defense is a plea in abatement alleging another action pending for substantially the same relief, which certainly is a good affirmative defense if sustained, and does not justify a judgment on the pleadings. The second affirmative defense, so far as the allegations are concerned, established a substantial defense to respondents' cause of action. Neither of the affirmative defenses in any way tend to show that the denials contained in the answer are sham and frivolous, nor can it be contended on a motion for judgment on the pleadings that the affirmative defenses show conclusively that the consideration for the note

and mortgage had failed. On the contrary, they show that, so far as appellant is concerned, the consideration had not failed.

The denials in the answer were sufficient to put respondents upon proof. *Levy v. Seattle,* 61 Wash. 540, 112 Pac. 639; *Metcalf v. Storey,* 80 Wash. 119, 141 Pac. 315; 23 Cyc. 769.

The first affirmative defense pleaded by appellant is a good plea in abatement. If it be true, the proceedings pending before another judge of the same court and undetermined, which involve all the rights of these parties in and to the note in question, and the right of appellant to claim a lien thereon, can be and should be fully adjudicated in that matter. *Richardson v. Richardson,* 43 Wash. 634, 86 Pac. 1069.

As to the second affirmative defense, even if the allegations contained in appellant's complaint were not sufficiently denied it is not true, as respondents contend, that the mere reconciliation makes void the note and all transactions leading to a settlement of the costs of the divorce action, and the attorney's fees for the wife. The rights of the attorney for compensation for services rendered to the wife cannot be so summarily disposed of by the husband and wife. *Yoder v. Yoder,* 105 Wash. 491, 178 Pac. 474, 3 A. L. R. 1104.

The order sustaining the demurrer and the order granting judgment on the pleadings are both erroneous.

The judgment is reversed with instructions to proceed further in accordance with this decision.

Tolman, C. J., Fullerton, Mackintosh, and Mitchell, JJ., concur.