Joseph Desforges
vs.                    No.7648
Walter H. Desforges
RESCRIPT
March 31, 1927

TANNER, P. J. This is an amended bill of complaint in which the complainant alleges that he conveyed by quitclaim deed his share in a piece of property to his son without consideration and without intending a gift; that the complainant was at the time on terms of friendship and confidence with his son and that said deed was presented to the complainant by the respondent and the complainant executed the deed under a mistake as to its terms, effect and purpose and as to its character, and not understanding the nature of the document to which he affixed his signature; "and your complainant further avers that no consideration has ever been paid to him by said Walter H. Desforges or anyone else for the property described in said conveyance; that your complainant did not know he was executing a document purporting to be a quitclaim deed as aforesaid, but avers that he simply intended the said Walter H. Desforges to take a limited revocable title in said property and to have no beneficial interest or title therein, and that the complainant was not guilty of any negligence in not ascertaining the true nature of the document."

He asks for a cancellation of the deed and a reconveyance.

The case is heard upon respondent's demurrer.

The only grounds which we think necessary to consider are—

First: That it isn't set forth with particularity what the complainant

considered the document he signed to be.

We do not think it is necessary that the complainant should allege just what kind of a document or deed he thought he was signing. It is sufficient if he allege, as he has, what he thought the purport of the document was.

Second: That the mistake alleged is a mistake of law against which equity can not relieve.

We think, however, that under the modern principles of equity relief may be had in a case of this kind where no consideration has passed, no gift was made and it is entirely possible to place the defendant in statu quo. The defendant cannot be permitted to be enriched by retaining the property under such circumstances.

See Olney vs. Weaver, 24 R. I. 409;

Peterson vs. First Nat. Bank of Alden, 162 Minn, 369;

Swedesboro Loan & Bldg. Assn. vs. Lens, 55 Ala. 82;

Reggio vs. Warren, 207 Mass. 525;

Bybee vs. Bybee, 87 Pac. 1122.

The demurrer is therefore overruled.

For Complainant: John R. Higgins and Alex L. Churchill.

For Respondent; James H. Rickard.