WALKER v. TAYLOR.

4—2567

Opinion delivered June 6, 1932.

982

*Coleman & Reeder,* for appellant.

*J. Paul Ward,* for appellee.

HART, C. J., (after stating the facts). It is first earnestly insisted by counsel for appellant that the decree should be reversed because the failure of the plaintiff to secure leave to sue the receiver of the insurance company was a bar to the jurisdiction of the court. We do not agree to this contention. The decree recites that the plaintiff and defendant were both present and represented by their attorneys and agreed that the case should be presented for final determination in the Independence Chancery Court. The requirement that leave of court must be had before a receiver can be sued is for the receiver's protection; and, if waived by him, no advantage can be taken of the omission by any one else. This is certainly true in all cases like this where there is no attempt to interfere with the actual possession of the property placed in the hands of the receiver.

In a case note to 29 A. L. R. at page 1460, it is said that, although leave to sue a receiver is generally required, the great weight of authority is to the effect that failure to secure permission to sue a receiver appointed

by a State court does not affect the jurisdiction of the court in which the suit is brought. It is generally held that the defect is merely technical and may be remedied by order or may be waived.

Reliance, however, is placed by counsel for appellant on the case of *Ratcliff* v. *Adler*, 71 Ark. 269, 72 S. W. 896. It is true that the case note just referred to cites that case as following the minority rule that the failure to secure leave to sue a receiver is a bar to the jurisdiction of the action, but we do not think that such is the effect of the decision. The court expressly stated that it was unnecessary for it to determine whether failure to obtain permission to sue is a matter affecting the jurisdiction of the court in which the suit is brought, for, if it be conceded that the general rule is that the court will not entertain jurisdiction of a suit brought against a receiver appointed by another court until the appointing court has given its consent that he be sued, still there are exceptions to the rule. The case under consideration was held to fall within the exceptions because the same judge presided over the court that appointed the receiver who presided over the court in which the suit was brought. Hence it was said that there was an implied consent to the action on the part of the court which appointed the receiver. This case seems to recognize that the omission to obtain leave to sue the receiver is a matter which does not affect the jurisdiction of the court in which the suit is brought and may be waived by the receiver.

In the present case, the receiver expressly consented to the jurisdiction of the court which tried the case; and, as an arm of the court which appointed him receiver, in the absence of evidence to the contrary, it will be presumed that he obtained leave of the court to do so.

The court properly held with the plaintiff on the merits of the case. This is not a suit to recover the sum of $3,000, as argued by counsel for the defendant. The whole matter is one of bookkeeping. On the 15th day of November, 1930, before the Little Rock bank closed its

doors for insolvency on the 17th day of November, the insurance company made a deposit of drafts in said bank in the sum of $15,500. One of them was a draft on an insurance company in the State of California. The bank at once placed $3,000 of this amount to the credit of the Batesville bank. This bank became insolvent and was placed in the hands of the State Bank Commissioner for liquidation. No return was had on the draft of the insurance company which was sent to California for payment until more than a week after both banks had been taken charge of by the State Bank Commissioner as insolvent banks. The draft given by the defendant on the California insurance company was returned not paid and has never been paid. Therefore the chancery court, properly directed that the $3,000 which had been credited to the insurance company on the books of the Batesville bank was without consideration, and that the State Bank Commissioner, who was in charge of the Little Rock bank and the Batesville bank as insolvent banks, should be directed to charge the entry of $3,000 on the books of the Batesville bank, whereby it would show a credit to the Little Rock bank for $3,000, instead of to the defendant insurance company.

It follows that the decree of the chancery court was correct, and it must be affirmed.